# MAY 18, 1938

### DOUGLASS CHILDRESS v. THE STATE.

No. 19525.   Delivered March 30, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

*Margaret Waters* and *Emmett Shelton,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for life.

The indictment was brought under the terms of Article 63, P. C., which reads as follows:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

In addition to charging the offense for which appellant was convicted herein, the indictment embraces the following averments:

"And the Grand Jurors aforesaid do further present: That prior to the commission of the aforesaid offense by the said Douglass Childress, hereinbefore alleged, the said Douglass Childress was two times duly and legally convicted of a felony less than capital, as follows, to-wit: On the 17th day of September, A. D. 1928, in the Criminal District Court No. 2, of Dallas County, Texas, in a case numbered upon the docket of said Court, Number 1048, and entitled The State of Texas vs. Jack Laurence Howard alias Irwin Douglass Childress, the said Douglass Childress was duly and legally convicted, in said last-named Court of a felony, as aforesaid, to-wit, the felony of burglary; And on the 20th day of November, A. D. 1926, in the Criminal District Court of Travis County, Texas, in a case numbered upon the docket of said Court, Number 19101, and entitled The State of Texas vs. Douglas Childress, the said Douglass Childress was duly and legally convicted in said last-named court of a felony, as aforesaid, to-wit, the felony of assault with prohibited weapon, which conviction occurred, and the judgment thereon became final, prior to the commission of the offense for which the said Douglass Childress was convicted in Cause Number 1048 in the Criminal District Court Number 2 of Dallas County, Texas, as aforesaid; and said convictions in Cause Number 1048 in the Criminal District Court Number 2 of Dallas County, Texas, and in Cause Number 19101 in the Criminal District Court of Travis County, Texas, occurred, and the judgments thereon became final, prior to the commission of the offense hereinbefore alleged in and by this indictment, upon indictments then legally pending in said Courts, of which said Courts had jurisdiction, and said convictions are final; and he, the said Douglass Childress, was and is the same person who was con-

victed in said Cause Number 1048 in the Criminal District Court Number 2 of Dallas County, Texas, and in said Cause Number 10101 in the Criminal District Court of Travis County, Texas."

It is observed that the indictment properly charges the commission of succeeding offenses after convictions for prior offenses. In the respect mentioned the indictment is sufficient under the holding of this court in the case of G. C. Ellis v. The State, Opinion No. 19442, delivered March 23d, 1938 [page 346 of this volume], wherein the question of the sufficiency of an indictment presented under Article 63, supra, was considered. In the course of the opinion Judge HAWKINS used language as follows:

"As we understand it appellant's main complaint directed at that part of the indictment charging prior convictions is that there is omission of the averment that each succeeding offense was committed after conviction of the preceding offense. We are of opinion that this complaint is well taken, as demonstrated by the proof regarding the prior convictions which will be later mentioned. The necessity for such pleading is based upon the holding in Kinney v. State, 45 Texas Crim. Rep. 500, 78 S. W. 225, 79 S. W. 570 [47 Texas Crim. Rep. 496, 84 S. W. 590], that Articles 62 and 63 are reform provisions, and that the commission of previous offenses must be alleged to have succeeded one another after conviction. See, also, Neece v. State, 62 Texas Crim. Rep. 378, 137 S. W. 919. The proper form of pleading is very pertinently pointed out in 12 Tex. Jur., page 796, in the following language: ' * * * where it is desired to charge several previous convictions, the indictment should aver that the accused was convicted in the first case for an offense committed prior to commission of the offense declared on in the second case, that he was convicted in the second case for an offense committed prior to commission of the offense denounced in the third case, and that he was thereafter convicted in the third case, and that all these convictions were for offenses committed prior to commission of the offense for which he is about to be tried. * * *.'"

Again, we quote from the opinion, as follows:

"We fear there is an impression in the minds of prosecuting officers that if an accused has been convicted two or more times of felonies less than capital before he commits the main offense for which he is presently on trial that such former convictions may be used to fix upon accused the status of an habitual criminal regardless of the order in which such prior felonies were committed and convictions therefor secured. Such construction

may not be unnatural when the wording of the statute in question is alone looked to, but the construction of said statute from the case of Long v. State, 36 Texas 6, to the present time as revealed in all the cases hereinbefore cited has been that it was a 'reform' statute, and that the increased penalty was justified because of the commission of succeeding offenses after convictions for prior offenses, thereby showing no reformation after such prior convictions."

See also Cobb v. Commonwealth (Court of Appeals of Kentucky), 101 S. W. (2d) 418.

It appears that on the 20th day of November, 1926, appellant had been convicted in the district court of Travis County of the offense of an assault with a deadly weapon. Upon appeal to the Court of Criminal Appeals the judgment of conviction was affirmed on the 13th day of April, 1927, and mandate issued on the 20th day of May, 1927. The record fails to reveal why appellant was not immediately delivered to the authorities of the penitentiary under the mandate of this Court. It might be that appellant was granted a parole. At all events, it appears from the record that he was not incarcerated in the penitentiary as a result of the conviction in Travis County until after he had been convicted in the district court of Dallas County on the 17th day of September, 1928, of the offense of burglary. In this regard the testimony discloses that the conviction last mentioned was for an offense committed after appellant had been finally convicted in the district court of Travis County of the offense of an assault with a prohibited weapon. Specifically, the offense of burglary for which appellant was convicted in Dallas County, was committed by the appellant on the 8th day of August, 1928. It has already been observed that the judgment of conviction in the district court of Travis County became final May 20, 1927, which was more than a year prior to the commission of said offense in Dallas County. It further appears that the sentences in the two prior convictions were served concurrently.

It is appellant's contention that before the present charge could be considered a third conviction in contemplation of Article 63, supra, it was necessary that he should have paid the penalty inflicted for the offense committed in Travis County before his conviction for the offense he committed in Dallas County. The opinion is expressed that this position is untenable. The purpose of the enhanced penalty provided by the statute is reformatory. After the accused is finally convicted of a crime he is presumed to know that the enhanced penalty may be inflicted for the commission of subsequent offenses. Irrespective

of the payment of the penalty, he is afforded the opportunity to reform after the judgment becomes final.

Appellant insists that there is a variance between the proof and allegations as to the dates of the previous convictions. The proof showed that the dates alleged were those upon which sentences in the prior convictions were pronounced. It is true that the appellant has the right to be advised by averments in the indictment as to the records of the former convictions, and also the right to be guarded against the hazard of the use by the State on a subsequent occasion of a conviction that has theretofore been used to enhance the penalty. Childress v. State, 100 S. W. (2d) 102. We think the pleader was warranted in alleging the dates of the sentences as showing the time of the former convictions. The averments in this respect were supported by the proof.

The evidence is amply sufficient to support the judgment of conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have reviewed the record in the light of the motion for rehearing filed by the appellant and deem the appeal to have been properly disposed of in the original opinion. The motion for rehearing is therefore overruled.