SAM STOVER V. THE STATE.

No. 22401. Delivered February 24, 1943.

The opinion states the case.

L. D. Hartwell, of Greenville, for appellant.

Spurgeon E. Bell, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The primary offense charged was the unlawful possession of whisky for the purpose of sale in a dry area. The information contained two counts alleging prior convictions of appellant of offenses of the same nature, for the purpose of enhancing the punishment under Art. 61, P. C. All counts were sub-

mitted to the jury, and appellant's punishment was assessed at one year in jail.

No motion was made in the trial court to quash the counts alleging prior convictions. However, appellant did reserve proper exceptions to the charge, challenging submission thereof to the jury, because the allegations were insufficient to allege prior convictions.

Under the record as here presented, such exceptions are deemed sufficient to test the validity of said counts. The charging parts of the two counts are as follows:

"_ _ _ _ _ _ _ _ _ _     that prior to the commission of the aforesaid offense by the said Sam Stover, to wit, on the 8th day of September, A. D. 1941, in the County Court of Hunt County, Texas, the said Sam Stover was duly and legally convicted in said court of an offense of like character as that hereinbefore charged against him in this cause, the same being cause No. 10403 on the docket of said court upon an information then legally pending in said court and of which the said court had jurisdiction."

" _ _ _ _ _ _ _ _ _ _ _ _ _ that prior to the commission of the aforesaid offense by the said Sam Stover, to wit, on the 5th day of April, A D 1937 in the County Court of Hunt County Texas, the said Sam Stover was duly and legally convicted in said court of an offense of like character as that hereinbefore charged against him in this cause, the same being cause No. 9586 on the docket of said court upon an information then legally pending in said court and of which the said court had jurisdiction."

It is apparent that said allegations are insufficient in two particulars:

(a) The mere allegation that appellant had been convicted of an offense of like character to that for which he was then being tried is purely a conclusion of the pleader, and does not advise the accused or trial court wherein the prior conviction was for an offense of like character. Waltrip v. State, 114 S. W. (2d) 555, 134 Tex. Cr. R. 202; Walker v. State, 135 S. W. (2d) 498, 138 Tex. Cr. R. 230.

(b) There is no allegation that the second conviction was for an offense committed subsequent to the first conviction. Such an allegation is necessary. Ellis v. State, 115 S. W. (2d) 660,

428

134 Tex. Cr. R. 346; Childress v. State, 116 S. W. (2d) 396, 134 Tex. Cr. R. 504; Gammill v. State, 117 S. W. (2d) 790, 135 Tex. Cr. R. 52; Mullins v. State, 144 S. W. (2d) 565, 140 Tex. Cr. R. 261; Square v. State, 154 S. W. (2d) 852, 142 Tex. Cr. R. 493; Harrison v. State, Cause No. 22,344, not yet reported. (Page 386 of this volume).

Appellant's exceptions to the charge are well taken.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.