BOB MCLANE V. STATE.

No. 24227. January 26, 1949.

*Gib Callaway,* Brownwood, for appellant.

*Ernest S. Goens,* State,s Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Conviction is for possessing whiskey for the purpose of sale in dry area, punishment assessed at two years' imprisonment in county jail and a fine of $1,500.00.

By sufficient averments in the complaint and information it was charged that appellant possessed for the purpose of sale in Brown County, Texas, whiskey, and that Brown County was dry area. The pleader then, as a basis for increased punishment, undertook to allege two former convictions in said county for possessing whiskey for the purpose of sale. The averment as to the first prior conviction was that on the 15th day of February, 1947, appellant had been convicted in Brown County of "an offense of like character" as the present offense charged; and in the same language charged the second prior conviction. No further description of such prior offenses appears in the state's pleadings.

No motion to quash or suppress that portion of the information and complaint was urged, but appellant objected to the court's instruction to the jury permitting the increased penalty under the provision of Art. 61 P. C., on the ground that the state's pleading was wholly insufficient to authorize such an instruction. Apellant further objected to the charge because it did not withdraw from the jury all evidence regarding the prior convictions, and requested a special charge to that effect. The following cases support appellant's contention. Waltrip v. State, 134 Tex. Cr. Rep. 202, 114 S. W. (2d) 555; Walker v. State, 138 Tex. Cr. R. 230, 135 S. W. (2d) 498; Stover v. State, 145 Tex. Cr. R. 426, 168 S. W. (2d) 871.

Appellant further contends that the averments as to prior convictions are defective in other particulars than those above discussed, in that they do not accord with the holdings of the court in Ellis v. State, 134 Tex. Cr. R. 346, 115 S. W. (2d) 660; 12 Tex. Jur. p. 796; Childress v. State, 134 Tex. Cr. R. 504, 116 S. W. (2d) 396; Mullins v. State, 140 Tex. Cr. R. 260, 144 S. W. (2d) 565. Comparison of the pleadings in the present case with those considered in the cases referred to will disclose the defects.

For the errors discussed the judgment is reversed and the cause remanded.