## W. D. Diltz v. The State.

No. 4139.   Decided May 5, 1909.

**1.—Local Option—Complaint.**

Where upon appeal from a conviction of a violation of the local option law there was no complaint in the record to form the basis of an information the appeal must be dismissed.

**2.—Same—Insufficiency of the Evidence.**

Where upon trial of a violation of the local option law, the evidence was insufficient to sustain the conviction the case must be reversed.

**3.—Same—Charge of Court—Weight of Evidence.**

Where upon trial of a violation of the local option law, the evidence was exceedingly weak as to the identity of the defendant, a charge assuming that defendant was present when the whisky was obtained, etc., was on the weight of the evidence.

Appeal from the County Court of Knox. Tried below before the Hon. J. H. Milam.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General for the State.

RAMSEY, JUDGE.—Appellant was convicted in the court below of the offense of unlawfully selling intoxicating liquors, and his punishment assessed at a fine of $100 and confinement in the county jail for a period of thirty days.

The record, as it comes to us, contains no complaint of any kind. A complaint, where a defendant is prosecuted by information, is the basis of the proceedings, and it must of necessity result that, in the absence of this essential charge, that the prosecution must be dismissed.

In this connection, and in view of the probability that the case will again be tried, we think it proper to state what otherwise would be unnecessary and premature, that the evidence is not, as we believe, sufficient to sustain the verdict. We think, also, that there was error in the charge of the court, as pointed out in the particular paragraph of appellant's motion for new trial, where the court instructed the jury as follows: "If George Taylor procured the whisky and left the money on the buggy robe, and the whisky belonged to the defendant, and he, the defendant, received the money or got the benefit of the money, knowing that it had been left there in payment for the whisky, then in law this would be a sale of the whisky to George Taylor." In this connection it should be stated that there was no direct evidence, except of the most inconclusive character, that appellant was present when the whisky was obtained. His identification as being present at all when Taylor obtained the whisky, was exceedingly weak. We think this charge is on the weight of the evidence, emphasizes certain points in the testimony, and assumes certain necessary facts not in evidence.

For the error first alluded to the judgment of the court below is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*