## JOHN E. SMITH v. THE STATE.

### No. 233.   Decided January 12, 1910.

**Aggravated Assault—Variance—Information—Affidavit—Charge of Court.**

Where the defendant was charged in two separate counts with an aggravated assault, in one of which there was a fatal variance between the affidavit and the information, and the court, in his charge, submitted both counts to the jury, who found a general verdict, without stating upon which count their verdict was based, there was reversible error.

Appeal from the County Court of Erath. Tried below before the Hon. J. B. Keith.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*L. N. Frank* and *B. E. Cook*, for appellant.—Cited cases in the opinion.

*John A. Mobley*, Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by information filed in the County Court of Erath County with aggravated assault. There were two counts contained in the complaint and information, one

charging that the assault was made while the Justice Court of Precinct No. 1 of said county was in session, and the other charging that the assault was made with a deadly weapon. In the first count it is charged that appellant "did then and there unlawfully commit an aggravated assault in and upon A. P. Young by then and there striking him with a knife and with a chair." In the information filed on this complaint, corresponding with the count in same, it is alleged the assault was made upon Young by then and there striking him with his fist and a chair. The statement of facts is somewhat voluminous and the record for a misdemeanor case quite a large one.

While the court in his charge to the jury, instructed them in the event they found appellant guilty, to state in their verdict on which count they so found him guilty, the jury returned a general verdict of guilty without anything to indicate on what count their verdict was based. Complaint was made and the matter saved by exception that there was a fatal variance between the first count in the complaint and the corresponding count in the information, and as both counts were submitted to the jury, and there was a general verdict, that the conviction can not stand. We think this position must be sustained. It is well settled that the material allegations of every information must conform to those in the complaint upon which it is founded. The affidavit alleges that the assault was made by appellant by striking Young with a knife and a chair. The information alleges that the assault was committed by striking Young with his fist and with a chair. We think the variance fatal. Davis v. State, 2 Texas Crim. App., 184; Hoerr v. State, 4 Texas Crim. App., 75; Ferguson v. State, 4 Texas Crim. App., 156; Johnson v. State, 4 Texas Crim. App., 594; Stinson v. State, 5 Texas Crim. App., 31; Williamson v. State, 5 Texas Crim. App., 485; Hawthorne v. State, 6 Texas Crim. App., 562; Cole v. State, 11 Texas Crim. App., 68.

Since there is one good count in the information, we are not authorized to reverse and dismiss the case, but for the error pointed out it will be reversed and remanded.

There are many other matters raised on the appeal which we do not deem necessary, under the circumstances, to discuss. Some of them will not arise on another trial, and in the light of the objections and criticisms made, the trial court will doubtless be able to meet any objection or just criticism contained in the motion.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.