### E. B. HOLCOMB v. THE STATE.

#### No. 767. Decided November 30, 1910.

**1.—Publishing Obscene Picture—Jurisdiction**

The County Court has jurisdiction to try the offense of publishing and distributing an indecent and obscene picture designed to corrupt the morals of youth. Following Ex Parte Holcomb, 60 Texas Crim. Rep., 204.

**2.—Same—Information—Amendment—Signature of County Attorney.**

Upon trial of distributing an indecent picture there was no error to permit the county attorney, under leave of the court to add his signature to the information after the parties had announced ready for trial and the jury was selected. Following Jones v. State, 30 Texas Crim. App., 426.

**3.—Same—Continuance—Immaterial Testimony.**

Where, upon trial of publishing indecent picture, it appeared from defendant's application for continuance that the alleged absent testimony was wholly immaterial, there was no error in overruling same.

**4.—Same—Evidence—Other Transactions.**

Upon trial of distributing an indecent and obscene picture the court did not err in not allowing the defendant to show that the prosecutrix had been in the habit of receiving nude and lascivious pictures.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of distributing an indecent picture, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Navarro. Tried below before the Hon. J. M. Blanding.

Appeal from a conviction of distributing and publishing indecent and obscene picture; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for publishing and printing an indecent and obscene print and picture in violation of law. Appellant was found guilty and his punishment assessed at a fine of $100.

The information contained two counts, one charging appellant with sending and causing to be delivered an anonymous letter and written instrument reflecting upon the virtue and chastity of a female, and the second count charging appellant with publishing and distributing an indecent and obscene picture, which was designed to corrupt the morals of youth. The appellant was convicted upon the second count in the information.

A motion was made to dismiss this cause because the County Court did not have jurisdiction. This question was decided adversely to appellant's contention in Ex parte Holcomb, decided at the present term of the court. No useful purpose can be served by setting out the facts in this case, as they are of a very obscene character.

We find in the record a bill of exceptions to the action of the court in permitting the county attorney to sign the information. It seems that the information had been filed in the court below, but the county attorney omitted to sign the same officially. The parties had announced ready for trial and a jury selected, but before the information was read or the plea entered, the county attorney asked permission of the court to sign the information. This by express provisions of the Code goes to the form of the indictment and is subject to amendment. See article 529 of the Code of Criminal Procedure. This question has been expressly ruled upon in the case of Jones v. State, 30 Texas Crim. App., 26, in which this court held that while article 430 of the Code of Criminal Procedure, prescribing the requisites of an information, provides that it shall be signed by the district or county attorney officially, yet by the provisions of the Code prescribing exceptions to the form of indictment or information, it expressly provides that the want of the signature of the foreman of the grand jury, or in case of an information, the want of the signature of the attorney representing the State, shall not be considered valid as exceptions to the form of such instrument. The court did not err in permitting the county attorney to sign the information. This was not a matter of substance, but form only, and could be taken advantage of only in limine, and if motion had been made to quash on this ground the court could have ordered the information to be amended in this respect.

The second bill of exceptions is to the action of the court in refusing to allow the defendant a continuance for the want of the testimony of one Lula Corley, who had been subpoenaed in the case for the State; that her testimony was material to disprove the State's case in that the information alleged that the picture exhibited was

given by the defendant to Mary Donaho with the request that she give the same to Ruth Franks, and that Ruth Franks was present when this request was made by the defendant, and that he expected to prove by Mrs. Lula Corley that she was not present when the request was made. The facts show that Ruth Franks and Mary Donaho were working at a steam laundry; that the defendant handed to Mary Donaho the lewd picture with the request that she give it to Ruth Franks.. There is some testimony that Ruth Franks was present but did not hear the conversation, and some testimony that Ruth Franks was not there at that particular time. However, there is no question but what she was there working about the laundry. Defendant's own testimony on the trial of the case does not deny that he gave the picture to Mary Donaho, but he says he gave it to her at her request; and he said he gave it to her with the request that she would not look at it, and that Ruth Franks was not there at that time. What figure this testimony would cut in the case we are not advised. The defendant did give the picture to Mary Donaho. It was a lewd and lascivious picture. That it was delivered to Ruth Franks there is no doubt. Mary Donaho says defendant requested her to give it to Ruth Franks. Defendant denied it. Whether Ruth Franks was present at the time he gave the picture to Mary Donaho is wholly immaterial. Ruth Franks swears that she heard the conversation between Mary Donaho and the defendant, and her presence was wholly immaterial and does not disprove that the defendant did deliver to Mary Donaho a lewd and lascivious picture, and in no way would disprove the conversation had between the defendant and Mary Donaho. He swears he gave the picture to Mary Donaho. Mary Donaho swears that he gave it to her to be delivered to Ruth Franks. In this view of the record we can not see how the testimony was material.

We find in the record also a bill of exceptions to the action of the court in not allowing the defendant to prove that Ruth Franks had been in the habit of receiving lewd and lascivious pictures, and that this picture given would not have a tendency to corrupt her morals. This bill is qualified by the court with the statement that when the defendant was on the witness stand he offered to swear that she had received other lewd pictures. The court would not permit him to testify as to this fact. We think the action of the court was correct. Ruth Franks was a girl some fifteen years of age, and it would be no justification to the defendant to show that she had received other lewd and lascivious pictures, and the court properly excluded the testimony.

These are the only bills of exception contained in the record, and while the motion for new trial complains of some errors in the charge of the court, there was no bill of exception taken to same.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*