OLLIE ZINN v. THE STATE.

No. 2019. Decided November 13, 1912.

Rehearing granted December 4, 1912.

**1.—Gaming—Statement of Facts—Filing.**

Where, upon appeal, the cause was affirmed because the statement of facts and bills of exception were filed after the adjournment of the county court, but it was shown on motion for rehearing that the statement of facts was properly filed within time, the judgment of affirmance is set aside.

**2.—Same—Information—Allegation—Pleading.**

Where the information did not present to the court that defendant had violated the law, but only presented that there was an affidavit filed to the effect that the defendant committed the offense, the same was insufficient, and the prosecution must be dismissed.

Appeal from the County Court of Hamilton. Tried below before the Hon. R. Q. Murphree.

Appeal from a conviction of gaming; penalty, a fine of $10.
The opinion states the case.

*S. R. Allen,* for appellant.—On question of filing statement of facts:
Hart v. State, 150 S. W. Rep., 188.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a violation of the gaming laws.

The statement of facts and bills of exception were filed after the adjournment of court. The case being appealed from the County Court, there must be an order entered of record authorizing the filing of these papers after term time in order to authorize this court to consider and review them. In the absence of these matters there is nothing which the court can intelligently revise. The judgment is ordered to be affirmed.

*Affirmed.*

ON REHEARING.

December 4, 1912.

DAVIDSON, Presiding Judge.—On a former day of the term the appeal herein was affirmed with reference to the statement of facts. It is shown now the statement of facts was filed within the twenty days allowed by the court, and will be considered.

The motion for rehearing calls our attention to the fact that we overlooked the motion to quash and in arrest of judgment, contending that the information is not sufficient. The information charges as follows: "In the name and by the authority of the State of Texas, now comes P. M. Rice, county attorney of Hamilton County, Texas, upon affidavit of J. E. Beck hereto attached and made a part hereof, and in behalf of said State, presents in the County Court of Hamilton County, Texas, at the April term, 1912, of said court, that heretofore, to wit, on or about the 13th day of November, 1911, in said county of Hamilton and State of Texas, one Ollie Zinn did then and there unlawfully bet at a game of cards at a place not then and there a private residence occupied by a family. . . . And the affiant aforesaid upon his oath aforesaid further deposes and says that he has reason to believe and does believe that heretofore, to wit, on or about the 13th day of November, 1911, in said county of Hamilton, State of Texas, one Ollie Zinn did then and there play at a game of cards at a place not then and there a private residence occupied by a family, contrary," etc. The contention is made that the information does not present in the court, under the last count mentioned and quoted, that appellant had violated the law; that it only presents to the court that the affiant further deposes and said. This is not sufficient. The information may allege that the affidavit was filed, but it must allege

that the county attorney presented in the court that appellant did the prohibited thing. It is not sufficient to present that there was an affidavit filed to the effect that appellant committed the offense, but the county aottorney must directly present the fact that he charges and presents in the court that appellant did the act of which complaint is made. The first count in the information was properly presented, but it does not present that appellant, on either of the subsequent counts in the information, committed the offense. It only states the fact that the affiant, whoever he may have been, charged appellant with committing the offense. It nowhere in connection with the third count presents that appellant violated the law as charged in that count. For this reason the judgment is reversed and the prosecution is ordered dismissed.

*Dismissed.*