## C. V. COMPTON v. THE STATE.

### No. 2520. Decided June 11, 1913.

**1.—Keeping Disorderly House—Complaint—Information.**

There is no authority for the presentation of an information if it is not based upon a complaint, but as the case is reversed on other grounds, this court will not dismiss the case, but instruct the court below, if no complaint was filed, to dismiss the case.

**2.—Same—Leasing Home for Immoral Purposes—Evidence—Lease—Deed.**

Where the deed offered in evidence sheds no light on the transaction, the same should not have been admitted in evidence.

**3.—Same—Information—Presentation.**

Where the information only presented that the affiant further deposes and says, etc., the same is not a presentment of an information, and should have been quashed. Following Zinn v. State, recently decided.

Appeal from the County Court of Williamson. Tried below before the Hon. Richard Critz.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Nunn & Love* and *W. A. Barlow,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted under an information containing two counts. As there is no complaint in the record upon which to base an information, it would be our duty to reverse and dismiss the case, for as said in Branch's Criminal Law, "There is no authority for the presentment of an information if it is not based upon a complaint, and on appeal from a judgment of conviction where an information was presented, the complaint as well as the information must appear in the transcript." (Thornberry v. State, 3 Texas Crim. App., 36; Turner v. State, 3 Texas Crim. App., 551; Casey v. State, 5 Texas Crim. App., 462; Lackey v. State, 14 Texas Crim. App., 164; Rose v. State, 19 Texas Crim. App., 470; Wadgvmar v. State, 21 Texas Crim. App., 459; McVea v. State, 35 Texas Crim. Rep., 1; Dickinson v. State, 38 Texas Crim. Rep., 472; Diltz v. State, 56 Texas Crim. Rep., 127.) But inasmuch as it will be necessary to reverse and remand the case on other grounds, we have decided to reverse and remand, with instructions to the county judge that if no complaint was in fact filed to dismiss the case from the docket.

As stated before, the information contains two counts, but the court in his charge submitted to the jury only the second count in the information, and correctly so, for the evidence would not sustain a conviction on the first count, and shows that if appellant is guilty, if guilty of any offense, only of leasing the house for immoral purposes. There is no evidence that he was interested in the business carried on in the house as charged in the first count. There was a sharp conflict in the evidence as to whether he *leased or sold* the premises to Dollie Steed. If he sold the premises he would be guilty of no offense, as the law places no limitation as to whom a person shall sell his property. If he leased the house to Dollie Steed, knowing the purposes for which she intended to use it, and permitted her to so use it he would violate the law. But as this case will be reversed, we think it would be improper for us to comment upon the testimony. Consequently several questions are raised which we will not discuss, but will say that the deed from appellant to Ida Collins, dated November 12, 1906, would shed no light on the transaction with Dollie Steed in March, 1911, and on another trial it should not be admitted.

Appellant moved to quash the second count in the information (the one under which he was convicted), and the motion should have been sustained. The second count reads: "And the affiant aforesaid upon his oath aforesaid further deposes and says that on said above date and at said time and place," etc. Appellant contends this is not a "presentment of an information" but is an oath in the nature of a complaint, and his contention should have been sustained. In the case of Zinn v. State, 151 S. W. Rep., 825, this court held in an opinion by Presiding Judge Davidson: "The contention is made that the information does not present in the court, under the last count mentioned and quoted, that appellant had violated the law; that it only presents to the court that the affiant further deposes and says

"This is not sufficient. The information may allege that the affidavit was filed, but it must allege that the county attorney presented in the court that appellant did the prohibited thing. It is not sufficient to present that there was an affidavit filed to the effect that appellant committed the offense, but the county attorney must directly present the fact that he charges and presents in the court that appellant did the act of which complaint is made. The first count in the information was properly presented; but it does not present that appellant, on either of the subsequent counts in the information, committed the offense. It only states the fact that the affiant, whoever he may have been, charged appellant with committing the offense. It nowhere, in connection with the third count, presents that appellant violated the law as charged in that count." This opinion is so fully applicable to the facts in this case, we merely adopt it without further remarks.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*