## J. M. WALTRIP V. THE STATE.

No. 19361.  Delivered March 3, 1938.
State's rehearing denied March 23, 1938.

The opinion states the case.

*Martin & Shipman,* of Abilene, for appellant.

*Esco Walter,* County Attorney, of Abilene, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possession of intoxicating liquor for the purpose of sale, punishment being assessed at one hundred dollars fine and sixty days confinement in the county jail.

It was charged against appellant in the first count of the complaint and information that in Taylor County, Texas, he unlawfully possessed for the purpose of sale whisky containing in excess of one-half of one per centum of alcohol by volume.

It was further alleged in language which we think sufficient that an election had been held in said county in 1911, which prohibited the sale of intoxicating liquor in Taylor County. Appellant assailed the State's pleadings upon the ground that the averments as to the present status of prohibition in said county were not sufficient. We are not inclined to think there is merit in said complaint.

After alleging the present offense, it was averred in the State's pleadings that "prior to the commission of the aforesaid offense by the said J. M. Waltrip, to-wit: on the 26th day of April, 1937, in the County Court of Taylor County, Texas, the said J. M. Waltrip was duly and legally convicted in said last named court of *an offense of like character* as that hereinbefore charged against him in this cause, upon information pending in said last named court, and of which the said court had jurisdiction and which judgment of conviction is a final

judgment." There is no further description of the offense of which appellant had been previously convicted than the statement that it was "an offense of like character." Appellant called the court's attention to said pleading in a motion to quash or suppress that part of the complaint and information, and the same should have been sustained. It is not necessary in charging prior convictions for the purpose of enhancing the punishment that they be averred with the same particularity as is required in charging the present offense, but they must be described in such a way as to advise the court that the prior conviction was an offense of like character to the one for which appellant is then being tried, and simply to so allege without more particularly designating the prior offense is purely a conclusion of the pleader. See 12 Tex. Jur., Sec. 405, page 797, where many cases will be found annotated, and especially the case of Hail v. State, 106 Texas Crim. Rep. 511, 293 S. W. 831.

The court permitted proof of the prior conviction and same was used as a predicate for the jury to increase the punishment in the present case. This error itself demands a reversal of the judgment.

On the evening of May 28, 1937, an officer had in his possession a warrant authorizing the search of a filling station. Before searching the filling station the officer followed appellant to his home. As appellant entered the driveway with his car the officer drove in behind him and saw appellant breaking bottles in his car, and found therein the remains of three or four bottles of whisky, and found one full bottle of whisky unbroken in the car. Appellant lived some seven blocks from the filling station. The officer had no warrant for appellant's arrest and no search warrant for the car or for appellant's home, or the premises connected therewith. After arresting appellant he searched him and found a key which fit the lock at the filling station, and upon searching the filling station found sixteen cases of beer and about thirty pints of whisky, in pint and half-pint bottles. When appellant observed that the officer had found this beer and whisky he made the statement, "I had every cent I had in the world tied up in that stuff. This will ruin me."

Appellant complained that under one count in the information the State had proved two transactions, the one revealed by the officer as occurring at appellant's home and the other at the filling station, and requested the court to require the State to elect upon which transaction it would rely. We find it unnecessary to discuss this point because in our judgment the evidence of what occurred at appellant's home was inadmissible, and was ad-

mitted over appellant's proper objection. There is no question that what the officer observed appellant doing would have supported a search of the car under the State-wide prohibition law at the time when the possession or transportation of intoxicating liquor was a felony. It would have furnished probable cause and would have shown the commission of a felony in the officer's presence. Article 212, C. C. P. (1925), authorizes a peace officer to arrest without warrant if the offense is a felony and is committed in the presence of said officer, or is an offense against the public peace. The act of appellant which was observed by the officer was neither a felony under the law in effect at the time of the commission thereof, and neither was it an offense against the public peace. Therefore, we must hold that the arrest of appellant was without authority, and this being the case, the subsequent search of appellant's automobile was likewise without authority. Weeks v. State, 106 S. W. (2d) 275. The evidence of what the officer observed of appellant's act and of what the officer found in his automobile should have been excluded when appellant objected to proof thereof.

Appellant's objection to proof by the officer of the statement he made at the time the liquor was discovered at the filling station is without merit. It was a res gestae statement and properly admitted.

For the errors pointed out the judgment must be reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

GRAVES, JUDGE.—The county attorney of Taylor County has filed a motion for a rehearing, and in an interesting brief presents matters that we will now consider.

We held in our original opinion that the allegation in the complaint and information was insufficient to predicate an enhanced punishment upon in a misdemeanor case, the allegation so held being that "the said J. M. Waltrip was duly and legally convicted in said last named court of *an offense of like character* as that hereinbefore charged against him in this cause." The vice in this portion of the pleadings being that it should have gone further and said, in substance, "in to-wit," giving the number and style of the cause, and a general description thereof, so that the character and kind of said prior convictions would be made known in the complaint and information itself, although it would not be necessary to plead the previous charges

with the same particularity as was done in their original pleadings.

We still adhere to the previous decisions relative to the necessity of not relying alone on the pleading of "the same offense," but have read into that statute by judicial construction the phrase "of like character," it being obviously impossible for one to commit the same offense more than once.

With what we have said above, this motion is overruled.