BURL MARTIN V. THE STATE.

No. 21750. Delivered November 26, 1941.

The opinion states the case.

*S. M. Adams,* of Nacogdoches, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction for possessing an "illicit beverage," i. e. whiskey, upon which the State tax had not been paid (Art. 666-3a and Sub. (12) of Art. 666-17, P. C.); the punishment assessed being a fine of $500.00.

The information first charged the elements necessary to constitute an offense under the above mentioned statute, and then attempted to charge a prior conviction of an offense of like character, to enhance the punishment, under Art. 61, P. C., by the following allegation:

"And I, the affiant aforesaid, upon my oath aforesaid, do further solemnly swear that I have good reasons to believe, and do believe that the said Burl Martin heretofore and prior to the Commission by the said Burl Martin of each of the offenses which are hereinbefore charged against him, he, the said Burl Martin, was duly and legally convicted on the 5th day of May 1939, in the County Court of Nacogdoches County, Texas, of an offense of like character, as that hereinbefore charged against him, the said Burl Martin, in this cause, to-wit: Unlawful possession of intoxicating liquor for the purpose of sale, in a dry area, in Cause Number 6510, upon *an* information then legally pending in said last named Court, and of which the said Court has jurisdiction, and after the said judgment of conviction thereon had become final against him, the said Burl Martin, he, the said Burl Martin, committed the offense next *hereinbefore* alleged for which he was convicted on the 5th day of May 1939, in violation of said law, which was in full force and effect in said Nacogdoches County, as aforesaid at the time of the taking effect of Section 20, Article 16, in 1919, of the Constitution of Texas, and has not been repealed by any election held in said County since said date; and against the peace and dignity of the State."

Such allegation is fatally defective in that same does not appear to be the presentment of, or presented by, the county attorney, in his official capacity, but, to the contrary, is in the nature of a complaint by the county attorney personally or as an affiant. Zinn v. State, 151 S. W. 825, 68 Tex. Cr. R. 149; Compton v. State, 158 S. W. 515, 71 Tex. Cr. R. 7.

Art. 414, C. C. P., requires that an information, to be sufficient, must be presented by the proper prosecuting officer, in a court having jurisdiction of the offense.

In the instant case, the allegation of enhanced punishment was submitted to the jury by the following instruction: "You are further instructed that in the event that you find the defendant guilty that you may enhance the punishment to a fine of not less than $200.00 nor more than $2000.00 or a jail sentence of not more than two years."

A general verdict was returned, with the punishment assessed at a fine of $500.00. Such punishment is in excess of the minimum punishment fixed by statute for the primary offense charged, and is within that allowed under the above instruction.

The rule appears to be settled that, where an information contains several counts, one of which is fatally defective, and all counts are submitted to the jury, and the evidence tends to support the offense charged in the defective count, and a general verdict is returned by the jury, a judgment of conviction will, under such circumstance, be set aside. Reynolds v. State, 198 S. W. 958, 82 Tex. Cr. R. 326; Smith v. State, 124 S. W. 665, 57 Tex. Cr. R. 609.

While in the instant case the defective allegation did not attempt to allege another offense, yet its relation to the offense charged and to the punishment authorized to be assessed by the jury was such as to bring this case within the rule stated.

We are unable to say that the jury would have fixed the punishment it did, had the charge authorizing enhancement of punishment not been submitted.

From what we have said, it follows that the judgment of the trial court should be reversed and the cause remanded. It is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.