## HERBERT SAMS V. THE STATE.

No. 21940. Delivered March 25, 1942.

The opinion states the case.

*Percy Woodard,* of Marshall, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The opinion previously rendered in this case is withdrawn and the following is substituted in lieu thereof:

This is a conviction for aggravated assault; the punishment, confinement in the county jail for a term of six months.

The information upon which this conviction is predicated reads as follows:

"IN THE NAME AND BY THE AUTHORITY
OF THE STATE OF TEXAS.

"NOW COMES J. B. Henderson, Jr Ass't. Crim. Dist. County Attorney of Harrison County, Texas, upon affidavit of D. S. Bedell hereto attached and made a part hereof, and in behalf of said State presents in the County Court of Harrison County, Texas, at the July Term 1941, of said Court that Herbert Sams on or about the 21st day of March 1941 in the County of Harrison and State of Texas, and before the making and filing of this information did then and there

"unlawfully in and upon John Stauts did commit an aggrevated assault, and the said Herbert Sams did then and there, with a club, cut, wound and bruise the said John Stauts and did thereby and therewith inflict upon the said John Stauts serious bodily injury;

"And I, D. S. Bedell do solemnly swear that I have good reason to believe and do believe that Herbert Sams on or about the 21st day of March A. D. 1941, in the County of Harrison and State of Texas, and before the making and filing of this Information, did then and there in and upon John Stauts, with a deadly weapon, the description of which is unknown to affiant, did then and there commit an aggregated assault and did then and there with said Deadly weapon, the description of which is unknown to affiant, cut, wound and bruise the said John Stauts.

"And I D. S. Bedell do further solemnly swear that I have good reason to believe and do believe that Herbert Sams, on or about the 21st day of March A. D. 1941, in the County of Harrison and State of Texas, and before the making and filing of this information, did then and there, with premediated design and by the use of means calculated to inflict great bodily injury, to-wit a club of wood and metal, in and upon John Stauts did commit an aggrevated assault and did then and there by such means aforesaid, would and bruise the said John Stauts.

"against the peace and dignity of the State.
　　　　　　　　　　"J. B. Henderson Jr Assistant
　　　　　　　　　　Criminal Dist. Attorney Harrison
　　　　　　　　　　County, Texas."

The case was submitted to the jury upon the second count, charging that the offense was committed with a deadly weapon, the description of which was unknown. That said count is fatally defective is apparent because the accusation therein made is by the affidavit of D. S. Bedell and is not the presentment of the prosecuting attorney. The rule is well established that, if separate counts be set out in the information, such counts, to be sufficient, must show to have been the presentment of, or to have been presented by, the prosecuting attorney. Compton v. State, 158 S. W. 515, 71 Tex. Cr. R. 7.

The State's pleading being insufficient to support the conviction, the judgment is reversed and the cause remanded.

. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.