NEIL MCCLAIN V. STATE.

No. 24384. June 1, 1949.

GRAVES, Judge, dissenting.

*Levie Old,* Brownwood, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is possession of whiskey for the purpose of sale in a dry area. The punishment assessed is a fine of one thousand dollars.

Appellant was charged by complaint and information with the primary offense of possessing whiskey for the purpose of sale in a dry area. For the purpose of enhancing the punishment, the state in two separate paragraphs charged two prior convictions for offenses of like character.

The record reflects that some peace officers, armed with a search warrant, went to appellant's residence and searched his house and premises. The search resulted in the discovery of five "fifths" and three pints of Seagram's Seven Crown whiskey and two "fifths" of gin. That Brown County was a dry area was definitely proven. Appellant did not testify.

The court, in his charge, instructed the jury that if they found the appellant guilty of the primary offense of possessing whiskey in a dry area for the purpose of sale and they further found that he had been theretofore twice convicted of offenses of like character, that then they would assess his punishment at not less than one hundred dollars nor more than four thousand dollars, or by both fine and imprisonment. The jury found him guilty and assessed his punishment as above stated.

Before the court submitted his charge to the jury, appellant addressed certain objections thereto and requested certain special charges, some of which were given by the court and others were refused. Among appellant's objections to the court's charge were the following: "Said information and complaint does not show how said previous convictions are alike or like the offense with which he is charged in this information." In addition to the objection aforesaid, he requested the following special charge, which the court declined to give, to-wit: "In this case the court has permitted to be introduced in evidence before you certain testimony to show that the defendant, Neil McClain, has been heretofore convicted of other violations of the law, and you are hereby instructed that under the allegations of the complaint and information on which the defendant is being tried, that evidence of such other violations of the law are improperly

and wrongfully admitted, and you are hereby instructed that you cannot consider them for any purpose." It occurs to us that the court erred in declining to heed the objections and in declining to give said special requested charge because the averment in the complaint and information in attempting to charge the first prior conviction merely charged that the prior conviction was for a like offense, which was merely a conclusion of the pleader without stating the nature of the prior offense. In the other paragraph, the state charged the second conviction was for an offense of like character, to-wit: "with possession of whiskey for the purpose of sale in a dry area." This paragraph was sufficiently certain and definite. However, the court, in his charge, instructed the jury not only on the law pertaining to the primary offense, but submitted the question of two prior convictions. We have herein pointed out wherein the allegations of the prior convictions charged in the first paragraph is fatally defective, and the court should have responded to the objection or submitted appellant's requested charge relating thereto. The jury returned a general verdict which in our opinion constitutes error. In the case of Martin v. State, 142 Tex. Cr. R. 623 (156 S. W. 2d 144), this court said, it seems to be the settled law in this state "that, where an information contains several counts, one of which is fatally defective, and all counts are submitted to the jury, and the evidence tends to support the offense charged in the defective count, and a general verdict is returned by the jury, a judgment of conviction will, under such circumstances, be set aside." See Waltrip v. State, 134 Tex. Cr. R. 202 (114 S. W. 2d 555); Reynolds v. State, 82 Tex. Cr. R. 326 (198 S. W. 958); Smith v. State, 57 Tex. Cr. R. 609 (124 S. W. 665); and Martin v. State, 142 Tex. Cr. R. 623 (156 S. W. 2d 144).

In view of the disposition we are making of this case, we do not deem it necessary to discuss his bill of exception No. 2.

For the error herein pointed out, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.

GRAVES, Judge (dissenting).

My brethren have agreed to a reversal of this cause because of a claimed defect in the complaint and information herein in the second count thereof in which a prior conviction is set forth.

The first paragraph of this complaint and information reads as follows in a portion thereof that: "Neil McClain did then and there unlawfully possess for the purpose of sale an alcoholic beverage, to-wit, whiskey," and then proceeds to allege the different proceedings relative to the adoption of the local option laws in Brown County, and then proceeds as follows:

"And that prior to the commission of the aforesaid offense by the said Neil McClain, to-wit, on the 31st day of October, 1947, in the County Court of Brown County, Texas, the said Neil McClain was duly and legally convicted in said last named court of an offense of like character as that hereinbefore charged against him in this cause, upon a complaint and information in Cause 9173 then legally pending in said last named court, and of which the said court had jurisdiction."

It seems to be plain to the writer that in the above phrase, "legally convicted in said last named court of an offense of like character *as that hereinbefore charged against him in this cause,*" could only refer to the one hereinbefore charged against him, to-wit: "possess for the purpose of sale an alcoholic beverage, to-wit, whiskey." My brethren, however, say such was not sufficient to show what kind of an offense of like character was charged against this man in the case prior to the present one.

We have often held that it was not necessary to charge a previous conviction with the same particularity when endeavoring to enhance the penalty as was required of the case on trial, but that a general allegation that such older case was one of like character, although the statute requires such older case to be the "same offense". We have often held that such phrase "same offense" means only one of like character. See Kinney v. State, 45 Tex. Cr. R. 500, 78 S. W. 225, 79 S. W. 570; Muckenfuss v. State, 55 Tex. Cr. R. 216, 117 S. W. 583; Neece v. State, 62 Tex. Cr. R. 378, 137 S. W. 919; Lenore v. State, 137 Tex. Cr. R. 417, 129 S. W. (2d) 657; Harbert v. State, 136 Tex. Cr. R. 301; 124 S. W. (2d) 1005.

In alleging prior convictions for the purpose of enhancing the punishment, the particularity in pleading demanded by the present offense does not apply. See 12 Tex. Jur. p. 796, sec. 405, and cases there cited.

Regardless of the above reasoning, the writer is of the opinion that the allegation of the prior offense, complained of herein, is sufficient in itself to allege what said prior offense was by

the use of the phrase, "of like character as that hereinbefore charged against him in this cause." A reference to the charge in this cause leads us to the charge in this cause being found to be "possess for the purpose of sale alcoholic beverage, to-wit, whiskey." That is certain which is capable of being made certain from the instrument itself, and this axiom has often been utilized, sometimes by the use of "did then and there" relative to a portion of such charge fixing both time and venue as well as jurisdiction.

The writer is cognizant of the holding in Waltrip v. State, 134 Tex. Cr. R. 202, 114 S. W. (2d) 555, in which both he and Presiding Judge Hawkins held the identical language herein offered to be relied upon to be insufficient to give notice of what the prior offense of like characted consisted, but upon mature reflection, I am convinced that we were both in error in such holding, and such case should no longer govern as a safe precedent.

Believing it never too late to be right, I voice the belief that this complained of allegation was sufficient to show the character of the prior conviction, and I desire to enter my dissent to the majority opinion of my brethren herein holding to the contrary.