ISAAC (JACK) LACY V. STATE

No. 26,777.  January 20, 1954
Rehearing Overruled March 31, 1954
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) May 5, 1954

*Alex P. Pope*, and *Power, McDonald and Mell*, by *Warren McDonald* and *Milton Greer Mell*, Tyler, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Upon his plea of guilty before the court, appellant was convicted of the offense of selling beer in a dry area. His punishment, enhanced by reason of prior convictions for offenses of like character, was assessed at a fine of $1,000 and one year in jail.

The record is before this court with no statement of facts or bills of exception.

The proceedings necessary to waive trial by jury and to enter a plea of guilty before the court appear to have been complied with.

The judgment is affirmed.

Opinion approved by the court.

MORRISON, Judge.

Complaint is raised that the information is insufficient to support the judgment. The information charged the primary offense, a sale of beer in a dry area. It also attempted to allege prior convictions to enhance the punishment. These allegations were insufficient because the accusation therein made is by the affidavit of I. V. Sims and is not the presentment of the prosecuting attorney. Sams v. State, 143 Texas Cr. Rep. 588, 160 S.W. 2d 265.

This was a trial before the court. The judgment recites that appellant "pleaded 'guilty' to the information herein" and "it is considered by the court that the defendant is guilty as charged." The punishment assessed was within that prescribed for the primary offense.

Appellant would have us apply the rule stated in Martin v. State, 142 Texas Cr. Rep. 623, 156 S.W. 2d 144; McClain v. State, 153 Texas Cr. Rep. 428, 200 S.W. 2d 896; and Waltrip v. State, 134 Texas Cr. Rep. 202, 114 S.W. 2d 555, and hold that the judgment should be condemned as the equivalent of a general verdict necessarily including the defective allegations of prior conviction.

In Martin v. State, supra, we said:

"(2)   The rule appears to be settled that, where an information contains several counts, one of which is fatally defective, and all counts are submitted to the jury, and the evidence tends to support the offense charged in the defective count, and a general verdict is returned by the jury, a judgment of conviction will, under such circumstances, be set aside. Reynolds v. State, 82 Texas Cr. R. 326, 198 S.W. 958; Smith v. State, 57 Texas Cr. R. 609, 124 S.W. 665.

"(3)   While in the instant case the defective allegation did not attempt to allege another offense, yet its relation to the offense charged and to the punishment authorized to be assessed by the jury was such as to bring this case within the rule stated."

This rule was again stated and applied in McClain v. State, supra.

Under the rule applied in those cases, "the evidence tends to support the offense charged in the defective count," and it affirmatively appeared that the trial court submitted the defective allegations of prior convictions to the jury and thus permitted them to enhance the punishment by reason thereof. It was because the trial court authorized the jury to consider such defective allegations, and not that the verdict necessarily showed that they did so that reversal was ordered.

In Waltrip v. State, 134 Texas Cr. Rep. 202, 114 S.W. 2d 555, this court held the allegation as to a prior conviction was insufficient and said: "The court permitted proof of the prior conviction, and same was used as a predicate for the jury to increase the punishment in the present case. This error itself demands a reversal of the judgment."

In the case before us the trial was before the court on a plea of guilty. If any evidence was offered, it is not shown in this record, and the offense being a misdemeanor, none was required.

It is not affirmatively shown that the trial judge considered the allegations as to enhancement of punishment or that the punishment was increased by reason thereof.

In the absence of a showing to the contrary, this court must presume that the trial judge ruled correctly, that his findings were supported by the evidence and, being a trial without a jury, that if any improper or inadmissible testimony was offered it was disregarded. See Slaughter v. State, 154 Texas Cr. Rep. 460, 231 S.W. 2d 657.

The information begins, "I, Weldon G. Holcomb, Asst. Criminal Dist. County Attorney of Smith County, State of Texas." However, it is signed, "Weldon G. Holcomb, Asst. Criminal District Atty., Smith County, Texas." This, we think, is sufficient to show upon its face that it purported to be presented by a proper officer. Hill v. State, 151 Texas Cr. Rep. 299, 207 S.W. 2d 413.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.