## LEPORT WALTON v. STATE

No. 27,778. November 30, 1955

*Power, McDonald* and *Mell,* by *Warren McDonald* and *Milton Green Mell,* Tyler, for appellant.

*Harry Loftis,* Criminal District Attorney, and *Weldon G. Holcomb,* Assistant District Attorney, Tyler, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is the unlawful possession of whisky and beer for the purpose of sale in a dry area with two prior convictions alleged to enhance the punishment; the penalty, eighteen months in jail and a fine of $600.00.

In view of our disposition of the case, a statement of the facts is deemed unnecessary.

Appellant contends that the second and third counts of the information are fatally defective because they do not purport to have been presented into the court by the prosecuting attorney.

The information contains three paragraphs.

Paragraph No. 1, in charging the primary offense, begins with the following language:

"I, Weldon G. Homcomb, Asst. Criminal District Attorney of Smith County, State of Texas, here in the County Court of said County present that heretofore, to-wit," etc.

Paragraphs 2 and 3, in charging the two prior convictions for enhancement purposes, begin with the following statement:

"And I, Weldon G. Holcomb, Assistant Criminal District Attorney, do further solemnly swear that I have good reason to believe and do believe:" etc.

The court, in his charge, submitted to the jury the issue of appellant's guilt of the primary offense, as charged in Paragraph No. 1, and whether he had been previously finally convicted of the two offenses alleged in Paragraphs 2 and 3, and authorized them to enhance the punishment if they so found. The jury returned a general verdict under the court's instructions.

We think that the second and third paragraphs of the information are fatally defective because they do not appear to

have been *presented* by the prosecuting attorney, and for such reason the conviction cannot stand.

Subdivision 3 of Art. 414, V.A.C.C.P., in setting out the requirement for a sufficient information, provides "that it appear to have been presented by the proper officer."

In the early cases of Zinn v. State, 68 Texas Cr. R. 149, 151 S.W. 825; and Compton v. State, 71 Texas Cr. R. 7, 158 S.W. 515, the rule was announced that each count of the information must be shown to have been presented by the prosecuting attorney and that language similar to that contained in Paragraphs 2 and 3 of the information in the case at bar, was insufficient to show that such count was presented.

In the case of Martin v. State, 142 Texas Cr. R. 623, 156 S.W. 2d 144, the accused was convicted under an information which charged him with a violation of the liquor law and further alleged a prior conviction of an offense of like character to enhance the punishment.

After charging the primary offense, the allegation of the prior conviction began as follows:

"And I, the affiant aforesaid, upon my oath aforesaid, do further solemnly swear that I have good reason to believe, and do believe that the said" etc.

In holding the allegation of the prior conviction fatally defective and setting aside the conviction, the court said:

"Such allegation is fatally defective in that same does not appear to be the presentment of, or presented by, the county attorney, in his official capacity, but, to the contrary, is in the nature of a complaint by the county attorney personally or as an affiant," (citing Zinn v. State, supra, and Compton v. State, supra.)"

\* \* \*

"The rule appears to be settled that, where an information contains several counts, one of which is fatally defective, and all counts are submitted to the jury, and the evidence tends to support the offense charged in the defective count, and a general verdict is return by the jury, a judgment of conviction will, under such circumstances, be set aside."

\* \* \*

"While in the instant case the defective allegation did not

attempt to allege another offense, yet its relation to the offense charged and to the punishment authorized to be assessed by the jury was such as to bring this case within the rule stated."

The appellant's punishment having been enhanced under the defective counts of the information, charging two prior convictions, requires a reversal of the case.

The judgment is reversed and the cause remanded.

Opinion approved by the court.