Barbara WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-88-00146-CV

Court of Appeals of Texas,
Dallas.

April 25, 1990.

Stephen V. Hartman, Dallas, for appellant.

Patricia Poppoff, Dallas, for appellee.

Before HOWELL, BAKER and THOMAS, JJ.

## OPINION

HOWELL, Justice.

Barbara Wilson appeals her conviction based on a guilty plea to the charge of driving while intoxicated. The court assessed punishment at ninety days' confinement, probated for two years, and payment of a $400 fine. We hold that appellant was not prosecuted upon a valid information; we therefore reverse and dismiss.

Appellant was arrested and charged with misdemeanor driving while intoxicated during the month of December 1986. According to the State's theory as to the manner in which this case was prosecuted, on December 29, 1986, a criminal information was presented to the Dallas County Clerk's office where it was immediately stamped with the current date of December 29, 1986, the clerk thereafter setting up a file jacket and inserting the filed information therein.

With one possible exception, discussed below, the State's pleadings and evidence are silent as to the identity of the person signing this information, but under the law only the then Criminal District Attorney of Dallas County, Henry Wade, or his authorized assistant, could have lawfully signed an information. *See* TEX.CODE CRIM.PROC. ANN. art. 21.21(a) (Vernon 1989); *Lacy v. State*, 160 Tex.Crim. 95, 267 S.W.2d 139, 141 (1954); *Hill v. State*, 151 Tex.Crim. 299, 207 S.W.2d 413, 414 (1948).

The State asserts that subsequently, during the month of January, the file jacket, along with all papers relating to this case, became lost and could not be found. The State avers that during January 1987, the loss became apparent, and a deputy clerk made up a "dummy" file jacket. Thereafter, according to the State, another document entitled "Information" was placed into the court file. This instrument is still extant in the court file and appears in our transcript; it bears the signature of John Vance, the successor district attorney, who did not take office until January 1, 1987.[1]

However, the document bears the filing date of December 29, 1986, as stamped by the County Clerk's office. The State takes the position that the instrument was actually signed by Vance after he took office and that the clerk erroneously back-dated the file stamping.

During May 1987, counsel for appellant filed a motion to dismiss the case, complaining that the information was defective in that John Vance signed the information before he took office. Appellant's motion did not aver to any previous version of the information or the loss thereof.

The trial court heard appellant's motion during July 1987. The record before us does not contain a statement of facts relating to this hearing, but, as best we can determine, the trial court concluded at such hearing that the "John Vance" instrument, then present in the file, was an attempted replacement and not the original information apparently filed with the clerk in December. At the close of this hearing, the court endorsed the "docket sheet" (which, in the court below is printed on the outer face of the file jacket) with the notation: "Improperly reconstructed file—original lost[,] this information quashed. GBS, Jr:" No formal order was signed.

Approximately one week after the July hearing, the State filed a motion to reconstruct the file, asserting that the original information relating to appellant's case had

1. Following is a photo-reproduction copy of the "John Vance" instrument:

F I L E D

EARL BULLOCK, COUNTY CLERK

DEC 2 9 1986

DEFENDANT WILSON, BARBARA JO WF/8-19-35   CHARGE   DWI

County Criminal Court No. 9

ADDRESS 1022 CARDINAL   LOCATION   DSO Dallas County, Texas

By_____Deputy

FILING AGENCY DPD   DATE FILED 2-20-87   COURT_____

COMPLAINANT JAY R. WOMACK   MB86-62729

C/C VT#15104

SERVICE NO. 0762185   ARREST NO. 86-087129   I.D. NO._____

## INFORMATION

**In the Name and by the Authority of the State of Texas.**

NOW COMES THE CRIMINAL DISTRICT ATTORNEY of Dallas County, State of Texas, and presents in and to the.

County Criminal Court _____ of Dallas County, State aforesaid, that one

**BARBARA JO WILSON**

hereinafter styled Defendant, heretofore, on or about the 19TH day of DECEMBER A.D., 19 86

in the County of Dallas and State of Texas, did unlawfully

did then and there drive and operate a motor vehicle in a public place in Dallas County, Texas, to-wit: a street and highway, while intoxicated, in that the defendant did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol, into defendant's body,

Against the peace and dignity of the state.

John Vance

Criminal District Attorney of Dallas County, Texas

been lost. The State moved to replace this file pursuant to article 21.25 of the Texas Code of Criminal Procedure asking that the file be reconstructed "in such a manner to reflect that the original information was initially filed on December 29, 1986." Attached to the State's motion was an instrument entitled "Information" which the State pleaded as being "a copy" of the information as originally filed.[2] However, the signature space on that instrument was blank; it wholly failed to indicate that it had ever been signed by the predecessor or the successor district attorney. Additionally, there are no notations thereon to indicate that it had ever been filed with the clerk.

A hearing on the State's motion was held in October 1987. There was a substantial divergence in the testimony as to whether the "John Vance" information was the true original instrument in the case or if it was a backdated and inaccurate attempted replica of an original signed by Henry Wade. At the end of the hearing, the court accepted the State's theory and granted the State's motion to reconstruct. However, no reconstructed information was ever placed in the file unless we are to accept the just mentioned attachment to the State's motion as the reconstructed information. After the hearing, it was never conformed to indicate that it had ever been signed, never conformed to indicate that it had ever been filed, and never detached from the motion and docketed as a free-standing criminal pleading upon which the prosecution was based; instead, it remained in the record as an exhibit simply attached to the State's motion.

2. Following is a photo-reproduction copy of the State's exhibit:

DEFENDANT_WILSON, BARBARA JO W/F .08/19/35_CHARGE_____ DWI_____

ADDRESS_____1022 CARDINAL_____ LOCATION_____DSO_____

FILING AGENCY_DPD_____ DATE FILED____12-29-86_COURT_____

COMPLAINANT_____JAY R WOMACK_____HB86-62729_____

C/C_____VT#15104_____

SERVICE NO. ____0762185____ ARREST NO._____86-087129___ I.D. NO. _____

# INFORMATION

In the Name and by the Authority of the State of Texas.

NOW COMES THE CRIMINAL DISTRICT ATTORNEY of Dallas County, State of Texas, and presents in and to the

County Criminal Court _____ of Dallas County, State aforesaid, that one

BARBARA JO WILSON

hereinafter styled Defendant heretofore on or about the___19TH_day of___DECEMBER___A.D.,19_____86

in the County of Dallas and State of Texas did unlawfully

did then and there drive and operate a motor vehicle in a
public place in Dallas County, Texas, to-wit: a street and
highway, while intoxicated, in that the defendant did not
have the normal use of his mental and physical faculties by
reason of the introduction of alcohol, into defendant's
body.

Against the peace and dignity of the state

_____
Criminal District Attorney of Dallas County, Texas

Exhibit A

14

Following the granting of the State's motion to reconstruct, appellant decided to accept a plea bargain, entered a plea of guilty, and perfected this appeal. In the appeal now before us, the State contends, in effect, that during July 1987, the trial court did no more than quash an erroneous attempted replacement information, that the original document was not subject to the defect asserted by appellant, that the quashal did not affect the lost original information, and that, inasmuch as the original remains lost, the trial court had the continuing authority to grant the reconstruction. We do not agree.

At the October hearing on the motion to reconstruct, the following pertinent exchange occurred:

> [DEFENSE COUNSEL:] ... [Y]our Honor, my evidence is the Court's jacket where you have already granted my motion [to dismiss] and my witness was here, my only witness I have is the witness that was in court who heard you say, "You're right, Mr. Hartman. Motion granted. Case dismissed."
>
> THE COURT: No, I quashed the Information. I didn't dismiss the case. I quashed the Information.... It is noted on your motion I quashed it not having been signed or supported by proper affidavit.[3]
>
> [DEFENSE COUNSEL:] So now, it flips over to the State. They filed a Motion to Reconstruct, and I am saying you can't reconstruct something that is dead.
>
> THE COURT: Well, I don't know whether it is dead or not.

.    .    .    .    .

Such is precisely the issue before us: whether the July 1987 quashal constituted a dismissal of the entire case. We hold that it did.

■ Section 28.04 of the Texas Code of Criminal Procedure provides that when a motion to set aside or an exception to a misdemeanor indictment or information is sustained, the defendant shall be discharged. TEX.CODE CRIM.PROC.ANN. art. 28.-04 (Vernon 1989). When a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss the indictment or information, the accused is discharged and there is no case pending against him; accordingly, no jurisdiction remains in the dismissing court. *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex.Crim.App. 1980); *Pugh v. State*, 163 Tex.Crim. 258, 289 S.W.2d 929, 930 (1956).

However, a court is also possessed of the power to quash other pleas, motions, processes, and papers without necessarily terminating the prosecution. Arguendo, we accept the notion that if an information is improperly reconstructed, the offending paper may be quashed leaving the prosecution still pending on the strength of the missing but otherwise viable original information.

When the court declared, "This information quashed," during July 1987, it is obvious that the only paper before it was the "John Vance" document. The only defect argued by appellant with respect to the document spread before the court was that John Vance signed it before he took office. The fact that it may have been a replica, rather than an original, did not change the situation. The fact that appellant did not contend that the instrument was a replica makes no difference. Counsel still argued that the information was signed by John Vance before he took office.

■ Whenever the court sustains a motion, it is presumed, unless otherwise shown, that it has acted on the grounds asserted by the movant. We find nothing in the record before us to rebut the presumption. Another part of the notation, "Improperly reconstructed file," does not alter the situation. The file also contained an affidavit for prosecution form reciting the offense charged against appellant and supposedly "sworn to" before an assistant district attorney on February 20, 1987, but, even though the jurat was completed with the assistant district attorney's signature, it bore no signature by any affiant. Likewise, the file contained an instrument pur-

---

3. No notation was placed on the motion; the only notation appears on the "docket sheet."

porting to be an affidavit for the issuance of a warrant of arrest bearing no signature by an affiant, but bearing a completed verification dated February 20, 1987. These instruments were likewise before the trial court in July 1987. The warrant, as contained in the file, bore an issuance date of December 23, 1986. The sheriff's return recited that it came to his hand on December 29, 1986.

■ The affidavit for prosecution had to be signed, *see Bender v. State,* 171 Tex. Crim. 628, 353 S.W.2d 39 (1962), and had to be filed with the information, *see* TEX.CODE CRIM.PROC.ANN. art. 21.22 (Vernon 1989); *Talley v. State,* 399 S.W.2d 559, 560 (Tex. Crim.App.1966). Likewise, the affidavit upon which the arrest warrant was based had to be signed. TEX.CODE CRIM.PROC. ANN. art. 15.03(a)(2) (Vernon 1977). Neither of these papers was properly filled out in that the affiants' signatures were missing. Therefore, there was ample ground for the court to decide that the file was improperly reconstructed, without regard to any supposed flaw originally in the "John Vance" information. It follows that the notation, "Improperly reconstructed file," cannot control in searching for a reason other than the one pleaded, that John Vance signed the information before he took office, as a basis for the ruling, "This information quashed."

We assume that the court found at the July 1987 hearing that he was looking at a reproduction or an attempted reproduction of a paper that everyone seems to agree originally came into existence during December 1986. If he found that it was a faithful reproduction of the seminal instrument, it follows, a fortiori, that his quashal order had to extend to the original as much as it extended to the replica. Only if he found the replica *not to be a faithful re-*

*production* could he have been justified in quashing the attempted reproduction without affecting the original.

■ We construe the court's holding to be that the instrument before him was a faithful reproduction. Therefore, the quashal order extended to and terminated the entire prosecution. We reach this conclusion for several reasons.

First, the only contention raised by appellant's motion was that John Vance signed the information before he took office. This contention presupposes that, if the paper in the jacket was a replica, it was a faithful reproduction of the original. In the absence of a contrary showing, we presume that the court, in granting relief, acted upon the grounds asserted.

Second, the district attorney, in October, presented neither pleadings nor evidence that Henry Wade, rather than John Vance, signed the missing original. All witnesses agree that the replica, if such it be, that was before the court in July was presented to the clerk by the State. By presenting it for filing, the State impliedly represented it to be a true copy of the original. If the State committed an error in this respect, it was the State's burden to plead and prove that it made such an error. We fail to find where the State has done so.

Third, the State, in October, presented neither pleadings nor evidence that Henry Wade, rather than John Vance signed the missing original. If we are to accept the State's pleadings, evidence, and argument at face value, it implicitly alleged that the prosecution was commenced upon the strength of *an unsigned information.* The original information would just as much have been subject to quashal for no signature as it would have been for the signature of the wrong person.[4]

---

4. Even if we accept the State's implicit contention that the July quashal order only extended to the paper then before the court and not to the underlying original, we are left with the proposition that the case proceeded to a conclusion with no document in the file properly conformed to reflect that Henry Wade or anyone else ever signed an information charging appellant with an offense, a further jurisdictional defect in and of itself. *Holly v. State,* 460

S.W.2d 136, 137 (Tex.Crim.App.1970). We further note that the court's findings at the conclusion of the reconstruction hearing failed to contain a specific finding that Wade ever signed an information in the case. To the contrary, the court, by announcing that the motion to reconstruct was granted when the paper then being tendered as a faithful replica of the original bore no indication that it had ever been signed,

It is true that, at one point in the reconstruction hearing, the court announced that it had made inquiry and that "The original was signed by and for Henry Wade." [5] However, when appellant's counsel inquired as to the source of the court's information, the court responded: "The clerk who originally accepted it." When counsel asked for the name of the clerk so that such person might be called as a witness, the court responded:

I don't recall. It was someone downstairs, and they don't recall this Information in particularly. They filed several hundred at any one time. They have no knowledge with regard to a particularity of one ever existing.

We construe the court as conceding that any direct information that he had on the subject was not dependable.

Fourth and last, we interpret the court's action in October as confirming that the July quashal order extended to the entire case. After hearing both parties, the court announced:

.... I am accepting it [presumably, the document entitled "Information" attached to the State's motion that was not conformed to indicate a signature] as a reconstruction of a file as of today, which means that the prior ruling with regard to quashing the Information is withdrawn as having been the basis for granting it.

The court then noted on the docket sheet, "Accepted as reconstructed file.... Prior quashal withdrawn as improvidently granted." Again, no formal written order was placed in the record.

As a matter of logic, there was nothing improvident about the prior order if it was limited to the set-aside of the supposed replica then before the court. Only if the court had held in July that his quashal order extended to the underlying original would it have been necessary to declare the ruling "improvident." Putting the matter another way, the July order would have been quite provident and completely consonant with its October order had the court held in July that the document then before it was not a faithful copy of the original.

■ In short, by declaring the July order "improvident," the court was signifying that he had erred. But, the only error that he could have made in July was to declare the paper then before him to be a faithful reproduction of the original filing. We hold that it was too late to correct that error, if error it was. An erroneous ruling can terminate a prosecution just as much as a ruling that is error-free. The problem before us is the construction of the July ruling. We construe that ruling as extending to the entire case; the prosecution was thereby terminated.

We hold that the trial court's quashal of the information in July on the grounds of improper signature constituted a final dismissal of the misdemeanor DWI charge against appellant. When the case was dismissed, the trial court lost its authority to subsequently grant the State's motion to reconstruct the file or to convict based upon a guilty plea. We conclude that the order of the Court and the conviction are void for lack of jurisdiction. We reverse the conviction and dismiss the prosecution. [6]

---

was necessarily entering a finding that the original had never been signed.

5. We note that rule 18b of the Texas Rules of Civil Procedure provides that judges are required to recuse themselves when they have "personal knowledge of disputed evidentiary facts." Previously, this rule was found in Canon 3C(2) of the Code of Judicial Conduct. Plainly, a party is effectively deprived of the right of cross-examination when the judge recites personal knowledge or personal investigation into the record from the bench.

6. Even if we were to hold that the July order only extended to the supposedly attempted replica and not to the original instrument, we would nevertheless be forced to dismiss the prosecution. At the October hearing, the state effectively proved that the original information was never signed by anyone, either the predecessor, Mr. Wade, or the successor, Mr. Vance. The want of a signature is a jurisdictional defect requiring dismissal of the prosecution. *Holly*, 460 S.W.2d at 137.