### BILL NEECE v. THE STATE.

#### No. 955. Decided May 17, 1911.

**Local Option—Cumulative Punishment—Information.**

Where the information which attempted to charge a cumulative offense failed to allege that the previous offenses were of a like character, instead of the same offense, and did not allege that they were successive offenses; the same was bad on motion to quash.

Appeal from the County Court of Montague. Tried below before the Hon. A. W. Ritchie.

Appeal from a conviction of violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—This appeal is from a conviction of the appellant for violating the prohibition law, secured upon a complaint and information. The penalty assessed was a fine of $100 and sixty days in jail.

1. A motion to quash the complaint and information was made, because the allegations therein attempting to charge a cumulative offense and render defendant liable for cumulative punishment is defective in that the allegation setting up former offenses does not charge facts, but necessarily conclusions, and does not affirmatively allege a charge in the former case, and it fails to show the charge against defendant in such former cases and does not affirmatively show what defendant is charged with herein.

The appellant also objected to the introduction in evidence on the trial of the information and judgment thereon of former convictions in the previous cases alleged in the complaint and information.

The complaint and information are in two paragraphs. The first properly alleges all the facts necessary to show that the appellant made an illegal sale to W. T. Hall, of intoxicating liquors, on November 27,

1909, after a prohibition election had been properly ordered, carried, declared and published as required by law.

The second paragraph in the complaint and information is as follows: "That heretofore, and prior to the commission by the said Bill Neece of the offense which is hereinbefore charged against him, he, the said Bill Neece, was duly and legally, on to wit, 6th day of September, 1909, tried upon three informations then and there legally pending against him in the County Court of Montague County, Texas, and which said court then and there had jurisdiction of said cases; and the said Bill Neece was in said court then and there convicted of the same offense in each of three cases being then and there numbers 6456, 6488 and 6497, in said County Court, which then and there had jurisdiction to try each of said cases, which was the same offense as hereinabove charged; each of said cases on said day resulting in a conviction of the said Bill Neece, against the peace and dignity of the State."

It was held by the Supreme Court in Long v. State, 36 Texas, 6, that where a higher penalty is sought to be inflicted for the commission of prior offenses under articles 1267 to 1270 of the Penal Code, it is necessary to allege in the complaint and information or indictment, as the case may be, that the appellant has been convicted of such previous offense of a like character, and where this is not done evidence of such previous convictions can not ·be introduced. This case has been cited and approved repeatedly by this court. However, it is not necessary to allege previous convictions with the same particularity as if the party was charged originally with the commission of such an offense. Such allegations only are necessary as to give the appellant notice that a greater penalty is sought to be inflicted than for the first offense. Such allegations are not elements of the offense. See also Mansfield v. State, 17 Texas Crim. App., 468; Monford v. State, 35 Texas Crim. Rep., 237.

In the well considered case of Kinney v. State, 45 Texas Crim. Rep., 500, and Kinney v. State, 47 Texas Crim. Rep., 496, which were approved in Muckenfuss v. State, 55 Texas Crim. Rep., 216, it was held that the complaint and information, or indictment, as the case may be, was insufficient if such allegations merely charged in the language of the statute the previous commission and conviction of the "same offense;" that it was necessary and proper, instead of using these words, "same offense," only in such allegation, that it should charge that the other offenses were of a like character. It was also particularly held in said Kinney case above cited that the said article of the Code was a reform provision, and that the commission of such previous offenses had to be alleged to succeed one another; that is, that the complaint and information should allege that appellant was tried and convicted in No. 6456 for an offense which occurred before that declared on in No. 6488, and that he was convicted in said last-named case No. 6488 before he was in No. 6497.

In conformity with those cases cited, we hold that this second paragraph of the complaint and information is defective in two particulars: First, that it does not charge that the previous offenses were of a like character instead of the "same offense," and second, that they are not shown to be successive offenses. The allegations and the proof in this case both show that the three previous convictions of the appellant were on the same day, September 6, 1909, and committed on the same day by illegal sales to the same party.

The first paragraph of the complaint and information in this case properly charge the commission of an offense. It will not, therefore, be proper to reverse and dismiss this case. We only reverse and remand the case for a trial on the offense charged in the first paragraph of the complaint and information.

*Reversed and remanded.*