FRANK PUEBLO V. THE STATE.

No. 16666.   Delivered March 21, 1934.
Reported in 69 S. W. (2d) 768.

The opinion states the case.

*Coleman Cline,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for robbery; penalty assessed at confinement in the penitentiary for ninety-nine years.

It is charged in the indictment that the appellant, on April 3, 1933, by assault and violence, robbed Vernon Gray of certain property, including a suit of clothes and a small sum of money. It is also charged that appellant, on June 20, 1928, was convicted in the District Court of Ward County, in cause No. 376, of a felony of like character, namely, robbery.   The jury was authorized by the charge of the court to impose the enhanced penalty permitted by article 62, P. C., 1925, if their finding was that the appellant was guilty of the robbery of Gray and if they also found that appellant, as alleged in the indictment, had been previously convicted of an offense of like character.   On the finding by the jury that appellant was guilty in both particulars charged in the indictment, the court assessed the penalty above mentioned acting under the authority of article 62, P. C., 1925, which reads as follows:   "If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction

shall be the highest which is affixed to the commission of such offenses in ordinary cases."

The record is void of a statement of facts or bills of exception, in consequence of which the sufficiency of the evidence is assumed, and the procedure not violative of any substantial right of the accused.

A motion to continue was made and overruled, but no bill of exception was prepared and approved by the trial judge complaining of the ruling, and moreover, this court cannot, in the absence of the facts before the trial court appraise the motion for continuance, especially in view of the controverting affidavit of the district attorney.

No written exceptions appear in the record assailing the court's charge, nor is there fundamental error revealed in the instructions to the jury.

The motion for new trial does not reveal any fault in the trial that would authorize this court's interference with the result.

The judgment is affirmed.

*Affirmed.*