CHRIS ARNOLD V. THE STATE.

No. 16874.   Delivered May 30, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 997.

The opinion states the case.

*Henry Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The indictment upon which the appellant was tried and convicted charged the defendant with burglary and in addition thereto charged that on the 13th day of May, 1930, he was tried and convicted in the District Court of Nueces County, Texas, of the offense of robbery with firearms and that on the first day of December, 1923, he, the said Chris Arnold, was tried and convicted in the United States District Court for the Western District of Texas at El Paso, Texas, of a felony, to-wit, the purchase and possession of heroin, a narcotic drug. The appellant was convicted and his punishment assessed at confinement in the State penitentiary for life, under article 63, P. C., which reads as follows: "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

Article 62, P. C., reads as follows: "If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature,

the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

By bill of exception No. 1 the appellant complains of the action of the trial court in declining to quash that part of the indictment wherein it charges him with prior commission and the conviction of offenses but not of the same or like nature. The appellant's contention seems to be that inasmuch as the averments in the indictment do not charge that he had been convicted on two prior occasions of like or similar offenses that he could not under the indictment in the instant case be punished by confinement in the State penitentiary for life, and in support of his views refers to the case of Warner v. State, 42 S. W. (2d) 616. An examination of that case discloses that the indictment was drawn under article 62 with a view of imposing the highest penalty affixed to the commission of such offenses, and therefore the indictment should charge the language of the statute, but in the case under consideration the indictment was drawn under article 63, P. C., with a view of imposing the punishment of imprisonment for life. It is manifest that under article 62, P. C., the indictment should charge the defendant theretofore had been convicted of a like or similar offense by reason of the language of said article, but under article 63, P. C., it is not deemed necessary to charge that the accused theretofore had been three times convicted of like or similar offenses. It is sufficient if it charged the accused with having been three times convicted of a felony. In the case of Williams v. State, 5 S. W. (2d) 514, the indictment charged the accused with the offense of burglary and in addition charged him with having been convicted theretofore of the offense of burglary on the 24th day of October, 1921, and on the 25th day of March, 1924. In the case of Brittian v. State, 85 Tex. Crim. Rep., 491, the accused was charged with having been convicted on two separate and distinct occasions with the same or similar offenses of which she was being tried, but in each of those cases the accused had been three times convicted of the same or similar offense of which he was being tried, and the indictment in those cases charged the facts as they existed, which by no means vitiated the indictment. However, we do not believe that it was necessary to have charged that the accused had been three times convicted of like or similar offenses. We believe that if it had charged that the accused had been three times convicted of a felony less than capital that it would

have been sufficient under article 63, P. C. Wherefore, the appellant's contention is overruled.

By bills of exception Nos. 2 and 3 the appellant complains of the action of the trial court in permitting the introduction in evidence of certified copies of the judgments of conviction of defendant in the District Court of Nueces County and in the United States District Court for the Western District of Texas at El Paso, because, first, certified copies of said judgments of conviction had not been served on the defendant or his attorney nor had the same been filed in the papers of the case for three days before the trial; second, because the certified copies of the judgments of conviction showed that the offense of which the accused had been convicted were not of like or similar offenses as the one for which the accused was being tried; and, third, because the certified copies did not show that said convictions were final. The judgments of conviction are not such instruments of writing which are required or permitted to be recorded in the office of the county clerk, and therefore it was not necessary to file the same among the paper of the case for three days before the trial and give notice thereof to the appellant. When the State offered in evidence the certified copies of the judgments of conviction, it made a prima facie case and if the judgments of conviction were set aside, vacated, or appealed from, it was incumbent on the appellant to show it, and in support of our views as herein expressed we refer to the following cases, to-wit: Lasher v. State, 17 S. W., 1064; Clayton v. State, 149 S. W., 119; Gould v. State, 146 S. W., 172.

By bill of exception No. 4 the appellant complains of the action of the trial court in declining to instruct a verdict of not guilty because of an alleged variance between the allegations of the indictment and the proof. The testimony shows that Mr. Joe Horn was the manager and part owner of the Renfro Drug Store, the building alleged to have been burglarized by the appellant; that he, the said Horn, left the building at 7 p. m., and went to his home and left Mr. Thomas, the druggist, in charge of same. It appears from the testimony that Mr. Thomas was employed as a clerk by the Renfro Drug Store. We do not believe that there is a variance in the allegations and proof because Mr. Horn was the manager and part owner of the drug store and Mr. Thomas was merely an employee. Although Mr. Horn may have left the building at 7 p. m. and gone home, he was merely temporarily absent and therefore was nevertheless the manager and part owner of the drug store and in charge of the same.

In the case of Graves v. State, 42 S. W., 300, this court said: "It is insisted by counsel for the appellant that there is a variance between the allegations in the indictment and the proof; that it should have been alleged that the property was taken from the possession of Will Tate. Tate was employed by John Graves to look after the cattle while he was gone. He did so. * * * Was there a variance in the allegation in the indictment and the proof, under this state of facts? We think not. Tate was simply the servant of Graves, and did not have that possession, management, and control of the property as would require the indictment to charge possession in him."

In the case of Livingstone v. State, 43 S. W., 1008, this court, speaking through Judge Henderson, said:

"It is well settled that a clerk in a store, with power to sell goods, can be guilty of the theft of the goods. In law, he is not held to be in possession of the goods, except as a servant, the possession being in his employer. Applying that rule to this case, we simply find that, when the whole record is looked to appellant was employed to work for Jones; that Jones was absent about two hours and a half, and, while gone, appellant took the goods charged to have been stolen. Now, if, while appellant was there, in the absence of the owner, some third party had committed a theft of the articles in question, the indictment need only have alleged the possession in the owner Jones,—ignoring the employee entirely."

We therefore conclude that there is no variance between the proof and the allegations in the indictment, and overrule the appellant's bill of exception.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The appellant had three times been convicted of a felony; first, in the State court on May 13, 1930, for robbery with firearms; and second, on the first day of December, 1923, in the United States District Court sitting in El Paso, Texas, for violating the law against the possession of narcotic drugs. The present offense is for the commission of the offense of burglary on the 28th day of September, 1933, this offense being also a felony.

Prior convictions are by law made available to the State to enhance the penalty where the perpetrator of a prior offense has committed the one for which he is on trial. See Ruling Case Law, vol. 8, p. 275. Appellant is not on trial for the prior offenses but proof of the prior convictions is for the purpose of fixing the penalty on the present conviction. It is contended that the statute is not applicable to the present appeal for the reason that the conviction for one of the prior offenses was had in a Federal court. The offense in question was for violating the law against dealing in narcotics. The offense was committed in the State of Texas and the prosecution and conviction were had in a Federal court sitting in this State. The offense of which the appellant was convicted in the Federal court is one that is denounced as a felony punishable by imprisonment in the penitentiary by the statutes of this State and of the United States. Our attention has been drawn to no specific instance in which the exact question here presented has been made the subject of judicial expression. We do find, however, that it has been held in other American jurisdictions that if the prior offense was committed in a state other than that in which the present conviction was had, it would not be fatal to the prosecution. See State v. Le Pitre, 54 Wash., 166, 18 Amer. & Eng. Ann. Cases, p. 922. In various phases criticism of the statute in question has come before this court and many decisions upholding the statute are found in the reports. See Tex. Jur., vol. 12, sec. 402. The decisions emphasize the fact that the statute is in the nature of a reformatory measure. The use of the prior conviction cannot be used in establishing the guilt of the accused in the present prosecution but its sole purpose is to enhance the punishment which would ordinarily follow the conviction. See Tex. Jur., supra, sec. 403. The language of articles 62 and 63, P. C., is not ambiguous, and under article 63, supra, proof that the present trial is for the third conviction of a felony less than capital makes imperative the assessment of confinement in the penitentiary for life. The exact point that appellant stresses, namely, that the conviction in the Federal court cannot be used to enhanse the penalty against him, as above stated, has not been passed on so far as the members of this court are aware. Considered in the light of the precedents, however, upon the general subject of the trial of habitual criminals, no sound reason is perceived for setting aside the present judgment. As stated above, one of the prior convictions against the accused was in the United States Court. It was in the State of Texas,

however, and was for an offense denounced by the statutes of the State.

Upon the record before us, we are constrained to overrule the motion for rehearing, and it is so ordered.

*Overruled.*