WALTER BELTON, ALIAS "HUMP" v. THE STATE.

No. 17887. Delivered February 5, 1936.
Rehearing Denied March 4, 1936.

8

The opinion states the case.

*Davis G. Pugh,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for burglary; penalty assessed at confinement in the penitentiary for life.

The indictment, in addition to charging the offense of burglary, also avers that appellant has been twice convicted of felonies less than capital, namely: On the 31st day of May, 1933, appellant was convicted in the Criminal District Court of Tarrant County, Texas, in cause No. 35675 of the felony of burglary; and on the 11th day of April, 1930, he was convicted in the District Court of the United States for the Northern District of Texas, at Fort Worth, Texas, in cause No. 4473 of a felony for the violation of the Harrison Narcotic Act.

By reason of the repetition of offenses, the jury was authorized to impose the enhanced penalty permitted by Art. 63, P. C., 1925, which reads as follows:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

The above principle has been upheld by the decisions of this court. See Arnold v. State, 74 S. W. (2d) 997; Pullen v. State, 84 S. W. (2d) 723; Pueblo v. State, 69 S. W. (2d) 768.

The record is before us without statement of facts and bills of exception, in consequence of which the sufficiency of the evidence must be presumed.

The motion for new trial fails to reveal any fault in the procedure authorizing interference with the result of the trial.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing on what he seems to think is a fundamental defect in the indictment, in that the previous felonies of which appellant had been convicted as averred in the indictment were not the same or similar offenses as that charged against appellant here. If increased punishment had been sought under the provisions of Art. 62, P. C., appellant's position would be sound, but the State proceeded against him as an habitual criminal under Art. 63, P. C., under which the previous convictions need not be of the same or a similar felony. The distinction is clearly pointed out in Arnold v. State, 74 S. W. (2d) 997.

The motion for rehearing is overruled.

*Overruled.*