MATH HARBERT V. THE STATE.

No. 20093.  Delivered February 15, 1939.

The opinion states the case.

*A. Q. Mustain,* of Aubrey, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of the offense of the unlawful possession of intoxicating liquors for sale in a dry area; the complaint and information also contained allegations that he had been twice, prior to the herein charged offense, convicted of an offense of a like character, and the verdict of the jury assessed against him a penalty of $400.00, same being four times the minimum penalty provided for the ordinary offense.

Appellant's bill of exceptions No. 1 complains of the trial court's failure to quash the complaint and information because, relative to a repetition of offenses, the same charge that prior to the commission of the instant offense the appellant was duly and legally convicted in the County Court of Denton County, Texas, of an offense of like character, to-wit: the unlawful possession of intoxicating liquor, to-wit beer, a malt liquor, in

a dry area, for the purpose of sale; and that the defendant, prior to the above conviction, was duly and legally convicted in the County Court of Denton County, Texas, of an offense of like character, to-wit: the unlawful possession of intoxicating liquor for sale in a dry area, and that each prior conviction was had and became final prior to the commission of the later offense. The gist of appellant's motion to quash was based upon the proposition that one of the offenses relied upon as a repetition of offenses was for the possession of beer and he, therefore, contended that such was not the same offense nor one of a like character as contemplated by Art. 61, Penal Code.

Although Art. 61, P. C., authorizes the increased penalty when it is shown that the defendant has theretofore been convicted of the "same offense," it does not literally mean such. Of course he can not be convicted but once of the "same offense." We have heretofore held that as used in this statute the words "same offense" mean an offense of like character. We quote from Kinney v. State, 79 S. W. Rep. 570: "* * * it is not sufficient to allege, in the language of the statute, that appellant had been previously convicted of 'the same offense,' but it must aver that he had been previously convicted of an offense of like character to that for which he was being tried. * * * That is, it is not enough merely to follow the language of the statute, as the statute does not mean the same identical offense, but means an offense of like character, and this should be averred in the indictment."

To the same effect is the case of Muckenfuss v. State, 55 Texas Crim. Rep. 216, 117 S. W. Rep. 853.

Appellant's contention that the possession of beer in a dry area, for the purpose of sale, is not an offense of like character to that of possession of whisky in a dry area for the purpose of sale, does not appeal to us. We think that the character of the offense is a violation of the law denouncing the possession of intoxicating liquor for sale in a dry area, and that both beer and whisky being intoxicating liquor, the unlawful possession of either would be of a like character to the other. We think the trial court was correct in overruling the motion to quash the complaint and information.

Appellant's bill of exceptions No. 2 relates to the introduction by the State of the previous conviction of appellant for the offense of the possession for the purpose of sale of beer in a dry area, because of the contention by appellant's attorney that such latter named offense is not of like character to the unlawful possession of whisky in a dry area. What we have said relative to bill No. 1 would show the absence of error

in the court's admission of proof relative to the conviction for the possession of beer in a dry area.

Appellant's bill of exceptions No. 3 relates to the failure of the trial court to submit to the jury a special charge requiring the jury to find, before they could convict the defendant, that the two previous offenses relied upon for an enhancement of the penalty were the same offenses, or of like character to the herein charged offense. Of course the previous offenses could not have been the same offense, and there was neither testimony nor pleadings to show them to have been the same, and as to whether or not they were offenses of like character was a question of law for the court to determine rather than a question of fact to be submitted to the jury. There was no controversy relative to the matter, and we see no error in refusing such requested charge.

In bill of exceptions No. 4 the appellant complains because of the court's charge in this: That the court charged the jury relative to the enhancement of punishment as follows: "If a person shall be convicted of a misdemeanor of like character three times, including the case on trial, the punishment shall be increased so as not to exceed four times the penalty in ordinary cases, * * *" and the court did tell the jury that in the event they found this defendant guilty to assess his punishment "at a fine of not less than $400.00 nor more than $4000.00, or by confinement in the county jail for any term not to exceed two years, appellant's main contention being that the court in such charge should have instructed the jury that the jail sentence should have also been increased four times as well as the pecuniary fine. We think an answer to this proposition is that such an error was a harmless one because of the fact that no jail penalty was awarded the appellant, and therefore no injury was suffered by him. See Thompson v. State, 91 Texas Crim. Rep. 234, 237 S. W. Rep. 926; Sulak v. State, 40 S. W. (2d) 157.

Appellant offers us another ingenuous proposition as to what is meant by the enhancement statute, Art. 61, Penal Code, wherein it is said that when it is shown that a defendant has been convicted of the same offense upon a third or subsequent conviction, the punishment shall be increased so as not to exceed four times the penalty in ordinary cases. The contention being that the lowest penalty for his beer violation being $25.00, and for his whisky violation $100.00, which penalty shall be the basis for the four times multiplication?

In our opinion the penalty provided in Art. 666-41, Vernon's Texas Statutes, 1938 Supplement, P. C. denouncing the un-

lawful possession of whisky for sale in a dry area, applies to this charged violation. The lowest penalty therein provided is a fine of $100.00, and four times thereof was the fine assessed herein. We think the jury was correct in thus using that amount as the multiple punishment as in an ordinary case. In our opinion the statute means the lowest fine for the offense charged in the case for which the defendant is then on trial, and not the lowest punishment assessable for any of the previous offenses pleaded only as a means of enhancement of the punishment for the present offense.

The judgment will accordingly be affirmed.