W. W. WALKER V. THE STATE.

No. 20698. Delivered January 10, 1940.

The opinion states the case.

*Fred O. Jaye,* of DeLeon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted upon an indictment in the County Court of Comanche County, Texas, for the offense of unlawfully possessing intoxicating liquor for the purpose of sale and was assessed a fine of $200.00.

There are three bills of exception presented on this appeal, the second one of which complains of the ruling of the court in admitting certain liquor in evidence which had been taken by the officers from the premises of the appellant without a search warrant as required by law. The evidence shows that J. D. Phelfrey, a representative of the State Liquor Control Board, together with local officers, went to the premises of the appellant and made a search for intoxicating liquor in his absence. They found a tin can buried in the ground covered with dirt underneath the house occupied by appellant as a place of business and which can contained nine pints of intoxicating liquor. Eight pints were produced and offered in evidence. Appellant objected to the introduction of the liquor on the ground that the evidence showed that it had been taken without a search warrant. However, he took the stand in his own behalf and admitted possession of the whisky but said he had it for his grandmother and not for sale. His evidence removes the error in introducing the liquor in evidence.

The information· sets out a previous conviction for an offense of like character for the purpose of enhancing the penalty. The court in his charge included the enhanced penalty clause directing that in the event the jury should find that appellant had been guilty of a like offense the minimum penalty would be $200.00. Inasmuch as the fine fixed was $200.00, we are unable to say that the jury did not fix this penalty because of such instruction.

The complaint and information are insufficient in that the allegations are only that W. W. Walker was, on the 11th day of October, 1937, in Comanche County, duly and legally convicted "of an offense of like character * * * upon a complaint and information then legally pending in said last named court, and of which the said court had jurisdiction." While it is not necessary that the former offense should be described with the same particularity as required in charging the present offense, yet it must be described in such a way as to advise the court that it was for an offense of like character and to inform the defendant of the charge against which he must defend. Waltrip v. State, 114 S. W. (2d) 555. It must also show that there had been a conviction prior to the commission of the offense for which the defendant was being tried. Neece v.

State, 137 S. W. 919. The time of the conviction, the name of the charge so as to show the nature of the offense, the court in which he was tried, and not the conclusion of the pleader that it was an offense of like nature, must be found in the indictment or the complaint and information. Morman v. State, 75 S. W. (2d) 886.

While the jury did not fix the penalty at both a fine and imprisonment, the court's charge authorized them to do so. This was error. Sec. 41, Art. 666, Vernon's Ann. Tex. P. C.; Robert Ruffin v. State, (No. 20689) not yet reported; (page 83 of this volume); Domingo Garcia v. State, (No. 20,702) not yet reported (page 180 of this volume).

One other bill complains of the argument of the county attorney. We are unable to see any injury to the appellant by reason of the argument.

The case may be again tried on that part of the complaint remaining after eliminating the reference to a former conviction, unless a new complaint is filed properly charging the former conviction.

The case is reversed and remanded for a new trial.