THOMAS EDWARD LEWIS V. STATE.

No. 24255. February 9, 1949.

*Harvey Lindsay,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, and *Henry Wade,* Assistant District Attorney, Dallas, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for theft of property over the value of $50.00 and a life sentence in the penitentiary under the habitual criminal statute.

Appellant was arrested in the industrial district in the city of Dallas, late one night, while driving a station wagon that had been stolen from a car lot the previous night. The evidence connecting him with the theft of the car is based on the circumstance that he was found in possession of the recently stolen property. In defense of this a witness was called from the penitentiary who testified that he had stolen the car and that he had loaned it to appellant, for the purpose of making a date

with a girl in another section of the city. Evidently the jury did not believe this defensive evidence. Appellant did not testify in his own behalf.

The indictment alleges two former convictions for felonies less than capital. Under the instruction of the court the jury found him guilty of the offense charged and further found in favor of the allegation of the former convictions. The penalty followed as a matter of law under Article 63 of the Penal Code.

Appellant sought to quash the indictment on the ground that it was not alleged that the prior convictions were for felonies of the same nature. Under Article 62 of the Penal Code, providing for the enhancement of penalties, it would be necessary to so allege. Under Article 63, however, there is no such provision and the habitual criminal is defined as one who has been three times convicted for felonies less than capital. It is not required that they be the same character of offense.

It is next contended that there is a variance between the allegations and the proof. The indictment alleged the ownership of the stolen automobile in the man who had the custody, control, and possession of the automobile in the premises from which it was stolen. He stated that it belonged to another and upon this statement contention is made that there is a variance between the allegation and proof. The question is elementary and needs no authorities to sustain the court's ruling.

The third contention submitted in appellant's brief for a reversal of the case is that the court committed fundamental error in not submitting the case properly to the jury. It is presented that the court should have told the jury if they found appellant guilty under the indictment for the theft of the station wagon, they should next consider whether or not he had been previously convicted of a felony as alleged in paragraph two, and that they should be instructed that if they did not find he had been previously convicted as alleged in paragraph three his penalty should be fixed as provided under Article 62 of the Penal Code. It is further contended that the jury should have been permitted, after finding him guilty in the case for which he was being tried, to then find that he had not been previously convicted as alleged in paragraph two, but had been as alleged in paragraph three. Likewise, in this event, they should have been permitted to fix the punishment as provided in Article 62 of the Penal Code.

This is a new contention before this court and we have given

it careful consideration. It is our conclusion that he could not have been convicted under such a charge, because the indictment does not allege either of the prior convictions to be for a like offense and it could not be so construed as to come under Article 62, but must be confined to Article 63. Furthermore, we can see no hope for appellant in either event. If the jury followed the court's instruction they found he had been twice previously convicted as set out in the indictment. Had they found, under the evidence, that he had been only once previously convicted they would then have assessed only the penalty provided for theft of property over the value of $50.00. The proof was conclusive as to the former convictions and we are unable to appraise this contention as being a serious one.

It is next contended that the trial court should have given appellant a new trial, on his motion, because of the misconduct on the part of the jury. We find quite a lengthy statement of facts on this hearing and a thorough discussion in appellant's brief. It will not be necessary to discuss this volunminous record to any great extent. The law is well settled. We must first be concerned with what the facts show. Every allegation made as to misconduct was controverted in a positive way by someone. Some of the jurors did testify as to statements made by the bailiff in the presence of the jury as to facts not before them for their consideration. The bailiff positively and unequivocally denied these and he was sustained by a large number of the jurymen. This court cannot pass on the fact. That is the province of the trial court. He did so and found against appellant. The law is just as well settled that we cannot, under the facts of this case, disturb his finding of fact.

Finding no reversible error, the judgment of the trial court is affirmed.