DELBERT BOWERS V. STATE.

No. 24903. November 8, 1950.
Rehearing Denied (Without Written Opinion)
January 24, 1951.

*Milton K. Norton, Curt Stiles,* and *A. S. Baskett,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *Charles S. Potts,* Assistant District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted by a jury of burglary, and, under a further allegation of having been previously convicted of two felonies, he was awarded a life term in the state penitentiary, from which conviction he appeals.

From the testimony as to the alleged primary offense, it appears that he was apprehended while in the building alleged to have been burglarized and that he was seen by two witnesses while he and his companion were endeavoring to open a safe therein. No denial of any kind is found in the record; and as to the facts of this burglary, only the two officers who apprehended the appellant in the burglarized building and the man in charge of such building were heard.

However, it is also shown that previous thereto, appellant was convicted in the Federal District Court for the Northern District of Texas of the offense of a violation of the narcotics act in Cause No. 10,460 therein, and that he pleaded guilty thereto and was by the court found guilty of such offense on September 28, 1942, and sentenced to imprisonment for a term of two years; that appellant was identified as the same person sentenced in Cause No. 10,460 in that Federal Court.

Again, it was shown that in Cause No. 2453-B in the criminal district court of Dallas County, Texas, on March 9, 1937, appellant, on his plea of guilty, was found guilty of burglary and sentenced to a term of not less than two nor more than three years in the penitentiary. At this point the testimony was closed.

It is contended that the conviction for a violation of the narcotics act was not a conviction for a felony in this state and was not usable as such under Art. 63, Vernon's Ann. Penal Code of Texas in 1942, the date of such federal conviction.

In the first place, it will be found that the 45th Legislature of Texas, Acts 1937, p. 333, passed the Uniform Narcotic Drug Act, which denounces a violation thereof as a felony punishable by confinement in the penitentiary for not less than two nor more than ten years. This act is found in Vernon's Ann. P.C., as Art. 725b, Sec. 23.

That the original conviction in the Federal Court was a felony, see Edwards v. State, 134 Tex. Cr. R. 512, 116 S.W. (2d) 711; see also 18 U.S.C.A., Section 541. That the violation of Art. 725b, supra, is a felony, see Spear v. State, (Tex. Civ. App.) 109 S.W. (2d) 1150; Belton v. State, 130 Tex. Cr. R. 7, 91 S.W. (2d) 728.

Appellant filed a motion for a change of venue herein alleging, among other things, that there existed in Dallas County a conspiracy against him, and that there was much newspaper publicity relative to himself, as well as much publicity concerning his relatives, one of whom was his sister, who had recently been the victim of a bomb explosion which had taken her life, as well as many unfavorable statements appearing in the daily papers of large circulation.

The trial court heard this matter at sessions lasting for two days and two nights, and although appellant presented a host of witnesses relative to such allegations and the state countered

not only with affidavits but also with many witnesses, eventually the wisdom of the complained of act must be judged by what finally happened and whether the trial court's action was an abuse of discretion. See Branch's Ann. Tex. P.C., p. 189, sec. 299, and cases there collated.

Where the evidence regarding prejudice is conflicting, generally the trial court may utilize his discretion in passing upon a motion for a change of venue. See Bond v. State, 121 Tex. Cr. R. 269, 50 S.W. (2d) 813; Richardson v. State, 126 Tex. Cr. R. 223, 70 S.W. (2d) 1003.

It is shown by Bill of Exceptions No. 7 that relative to the change of venue, the issue being joined, the trial court allowed appellant to utilize 71 witnesses in support of the motion and the state 23 witnesses in opposition thereto; that such hearing began at 2:50 P.M., on Wednesday, December 7th, and proceeded through that afternoon and a night session on Wednesday, through Thursday following and a night session that night, all day Friday and Saturday morning, and at such time the appellant rested. The state then replied, using Saturday afternoon and Monday, the entire procedure occupying four and one-half days and two night sessions in a hearing relative to such motion. The testimony relative to such change of venue is present in the record in 286 typewritten pages and exhibits. After having heard these 94 witnesses, appellant desired to offer further 15 more witnesses whose testimony would be practically the same as those previously placed upon the witness stand. This request the patient trial court refused. We think this matter was within the discretion of the trial court, and an abuse thereof would have to be shown before any criticism of his ruling should be indulged in. He had a right to dispose of such matter within the judgment he might have formed, and we think he was justified in so doing.

It is shown by the trial court's bill that a jury panel of 50 men were called in this trial, five failing to answer, leaving 45 present; that seven of these were excused for various reasons and six were excused for having formed opinions, leaving 32 from which to select a jury. Ten challenges by each side were exercised, leaving a jury of twelve men. The trial then proceeded on the facts of the present burglary; and only three witnesses thereto were utilized; namely, the person in control of the building and two policemen. The policemen testified to passing this building in the hours of the night, and upon hearing a noise therein they investigated and saw appellant and one

Brooks therein, attempting to open a safe which was broken but not fully opened at such time. There was no denial of these facts by anyone. The remaining witness had only to do with the two previous convictions, which seemed to have been shown to the satisfaction of the court. There was no controversial matter of any kind produced before the jury and no penalty fixed by them. They were given no instructions relative to the punishment, and no issue of fact was joined save appellant's plea of not guilty. Under Art. 63, Vernon's P.C., the law fixed appellant's punishment if the jury should find him guilty of the present burglary, as well as having been previously convicted of the two alleged prior offenses; and so we are of the opinion that the careful trial court was well within his discretion in refusing the motion for a change of venue.

Bills Nos. 8 and 9 relate to the two arresting officers being allowed to testify that when they apprehended appellant and his companion in the act of breaking this safe and as they were handcuffing him, he said that "he had to go to trial next day and needed some money for his lawyer." This was res gestae of the offense and was properly admitted. See Branch's Ann. P.C., pp. 52-53, sec. 83.

It is not only alleged but proven that the said Delbert Bowers, under the name of Delbert Alton Bower, committed the prior offense of burglary, and under the name of Bower was convicted of such prior offense; and the testimony further shows that Delbert Alton Bower, the person convicted in the prior burglary indictment, is one and the same person as Delbert Bowers that was on trial herein, and was pointed out as this defendant. We see no error shown in such proceedings.

The motion to quash the entire jury panel merely alleges that the prospective jurymen were not summoned in accordance with Articles 2116-c and 2116-d but in compliance with Article 2101 of the Revised Civil Statutes; that they were acquired from a list of poll tax payers and not from the general tax list of the county. This same question was passed upon by this court in the recent case of Smithwick v. State, our No. 24,901, 155 Texas Crim. Rep. 292. Suffice it to say that we there held that the direction that the jury commissioners should be furnished a list of the tax assessment rolls of the county was but directory and not mandatory, and that a substantial compliance would be sufficient.

Bill No. 11 complains of the trial court's refusal to issue

an attachment for one, Glenn Byrd, one of the persons signing the state's controverting affidavit relative to a change of venue. It is shown by the court's bill that Mr. Byrd was present during a portion of the trial, but had an appointment to be operated on at a hospital in Dallas on a certain date. The court communicated the fact of Mr. Byrd's reservation with the hospital and also the engagement with the surgeon to appellant's attorney in open court and requested that he at such time use Mr. Byrd, who would not be available at a later date. Appellant failed to call Mr. Byrd, according to the court's bill, until after December 9, 1949, he having been available for two days but not called. This room at the hospital had been reserved since November 18th previous, and it was necessary to make such reservations. If Byrd had been present, he would not have testified as set forth in appellant's bill of exception.

We have gone through this voluminous record painstakingly and see no error shown therein. A change of venue could not have benefited appellant in any way. There was no contest of the facts; he introduced no witnesses; and no denial of any inculpatory matters is found in the record. Only 6 of the 15 jurors seem to have had any opinion thereon, and a jury was promptly selected. They had no power to affix a penalty; the law fixed that, and they found no denial of any allegation in the indictment save a plea of not guilty. We confess our inability to see how any jury could have found any other verdict than that of guilt.

The judgment will be affirmed.