HARLAN A. RICHARDSON V. STATE.

No. 26,495.   June 27, 1953.
Rehearing Denied October 21, 1953.

▮▮▮▮▮▮▮

▮▮▮▮

*Dee, Seals & Womack,* by *R. P. Dee,* Houston, for appellant.

*William H. Scott,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The complaint and information charged that appellant was convicted on March 18, 1952, in Cause 96574 in County Court at Law No. 3 of Harris County, Texas, of the offense of "Driving while license suspended" and after such judgment became final he committed the offense of driving while license suspended and was, on October 16, 1952, convicted of said offense in Cause 99157 in County Court at Law No. 2 of Harris County.

It was then alleged that on or about November 10, 1952, in Harris County, Texas, appellant "after the judgment of conviction in said Cause No. 96574 and after the judgment of conviction in said Cause No. 99157 had become final, his operator's license was suspended, and after it was suspended and while it was suspended, did then and there drive and operate a motor vehicle upon a public street and highway in said Harris County, Texas."

This appeal is from a judgment of conviction under said complaint and information, the jury having assessed the punishment of appellant at 60 days in jail and a fine of $300.

Appellant contends that the information is fatally defective for a number of reasons. First, that it fails to allege that the judgment of conviction in Cause 96574 had become final.

The information alleges that the offense for which appellant was convicted in Cause No. 99157 was committed after the judgment in Cause 96574 had become final, and that the primary offense was committed "after the judgment of conviction in said cause No. 96574 and after the judgment of conviction in said cause No. 99157 had become final."

These allegations sufficiently charge that the judgment in cause No. 96574 had become final prior to the commission of the

primary offense charged to have been committed on or about November 10, 1952.

Next it is contended that the information failed to allege that the defendant's operator's, commercial operator's or chauffeur's license was suspended, or that the defendant's privilege as a non-resident had been cancelled, suspended or revoked, and that it contained no allegation as to appellant being a resident or a non-resident.

These complaints are evidently addressed to the allegation of the prior offenses charged, for it is alleged that appellant's "operator's license was suspended" when he drove a motor vehicle on a public street and highway on or about November 10, 1952.

It is unnecessary for the state to allege the prior offenses charged in the information with the same particularity as is required in alleging the offense presently charged.

It is further contended that there is no allegation that the prior convictions charged are offenses of like character to that presently charged.

The primary offense charged was the violation of Art. 6687b, Sec. 34, V.A.C.S., the name of which offense is "driving while license suspended or revoked."

The prior convictions alleged were convictions for violation of the same statute, or as stated in the applicable statute, "the same offense" Art. 61 P.C.

The further allegation that such prior offenses were "offenses of like character" would be merely a conclusion of the pleader. Stover v. State, 145 Tex. Cr. Rep. 426, 168 S.W. 2d 871.

In Walker v. State, 138 Tex. Cr. Rep. 230, 135 S.W. 2d 498, we said:

"The time of the conviction, the name of the charge so as to show the nature of the offense, the court in which he was tried. and not the conclusion of the pleader that it was an offense of like nature, must be found in the indictment or the complaint and information."

We conclude that the pleading sufficiently alleged two prior

convictions for offenses of like character so as to authorize enhancement of the punishment under Art. 61 P. C.

The sufficiency of the evidence to sustain the conviction is challenged.

On November 10, 1952, appellant was observed by Officer Corrigan while driving an automobile on the streets of Houston. It appeared to the officer that appellant was exceeding the speed limit in a school zone and the officer stopped him. Officer Corrigan called for appellant's driver's license and appellant said that he did not have any.

The record shows a judgment of conviction in Cause No. 99157 in County Court at Law No. 2 of Harris County, against Harlan A. Richardson, upon a plea of guilty, for "Unlawfully drive and operate a motor vehicle upon a public highway while license was suspended," with a fine of $300.00 assessed. The judgment bears date of October 16, 1952, and a notation "Motion overruled - - - Capias Profine to issue" appears bearing date November 7, 1952.

The record also shows a judgment in Cause No. 96574, dated March 18, 1952, where upon a plea of guilty Harlan A. Richardson was adjudged guilty of "operating a motor vehicle upon a public highway while operator's license is suspended" and a fine of $75.00 was assessed. The judgment appears to have been entered in County Court at Law No. 3, Harris County.

The judgment in Cause 96574 was made final by the overruling of the motion for new trial on April 18, 1952, while judgment in Cause No. 99157 became final on November 7, 1952, when the motion for new trial was overruled.

John Caid, an officer of the Texas Department of Public Safety Drivers License Division, assigned to the suspension and revocation department, identified appellant as the person convicted in said previous trials and testified that the record showed that on November 10, 1952, appellant's license was in a state of suspension.

But appellant insists that it is not shown that he had an operator's license, which is specified in the information as the license which was suspended when he drove a motor vehicle on November 10, 1952.

John Caid testified in answer to question of appellant's counsel, referring to the time of the previous trials, that appellant had a "driver's license." Whether appellant's license was an operator's license, commercial operator's license, or chauffeur's license is not shown other than by his plea of guilty in the case wherein he was charged with driving while his operator's license was suspended.

Under the terms of Art. 6687b, Sec. 25, upon final conviction the operator's commercial operator's and chauffeur's licenses held by the person convicted are suspended automatically, and the court is charged with the duty to require their surrender for forwarding to the Texas Department of Public Safety.

The judgment of conviction in Cause No. 96574 became final on April 18, 1952, and the period of suspension of appellant's operator's license was thereby extended. This period of extension of necessity did not expire until some time after October 18, 1952.

Cause No. 99157 was tried on October 16, 1952, and the judgment which became final on November 7, 1952, further extended the period of suspension.

Under these facts we conclude that the evidence is sufficient to show that appellant's operator's license was under suspension on November 10, 1952, when he was found driving an automobile on the streets of Houston.

We direct attention to the fact that there is attached to the statement of facts as State's Exhibit A, judgment in Cause 99157 in County Court at Law No. 2 of Harris County; as State's Exhibit B, the notation of the overruling of a motion "Capias Profine to issue," and as State's Exhibits C and D, the judgment and similar notation as to Cause No. 96574 in County Court at Law No. 3 of Harris County.

The statement of facts is agreed to by counsel and approved by the court, and in view of the exhibits above referred to we are at a loss to understand the contention found in appellant's brief "that no degree of testimony was permitted which would indicate that this defendant had been previously convicted of any offense."

The judgment is affirmed.

ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant, in his motion for rehearing, presents as the sole question now to be considered "whether or not the following allegation in the information 'his operator's license was suspended and after it was suspended and while it was suspended, did then and there drive a motor vehicle upon the public streets and highways in said Harris County, Texas' constitutes a primary offense."

If we understood appellant's contention, it is that the information is insufficient, because it failed to allege that the accused was "a resident whose operator's license has been suspended" or "a non-resident whose driving privilege has been suspended."

The information charged that the defendant's operator's license had been suspended. If appellant had been a non-resident, then the information should have been drawn in the terms of Section 34 of Article 6687b, alleging that his "driving privilege as a non-resident" had been cancelled. This seems to answer appellant's contention.

We hold the information herein sufficient.

Appellant's motion for rehearing is overruled.