Gregorio GRANADO, Appellant,

v.

STATE of Texas, Appellee.

No. 30640.

Court of Criminal Appeals of Texas.

May 27, 1959.

On Rehearing June 24, 1959.

On Motion for Further Rehearing

Nov. 4, 1959.

Gregorio Granado, pro se, and Clyde W. Woody, Carl E. F. Dally, Houston, for appellant.

Charles J. Lieck, Jr., Dist. Atty., H. F. Garcia and John G. Benavides, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the unlawful possession of marihuana, a narcotic drug; the punishment, life imprisonment.

The indictment charged in paragraph five thereof that on or about the 11th day of September, 1957, the appellant did unlawfully possess a narcotic drug to-wit: marihuana, and further charged in separate paragraphs that appellant had been previously convicted of three felony offenses less than capital.

In paragraph two of the indictment it was alleged that on the 17th day of January, 1941, appellant was convicted of the offense of unlawful possession of marihuana in the Criminal District Court of Bexar County, Texas, in Cause No. 45816 on the docket of said court and in paragraphs three and four it was alleged that on the respective dates of January 22, 1943, and August 11, 1953, appellant was convicted in the United States District Court, Western District of Texas, San Antonio Division, of two separate narcotic law violations in Cause Nos. 12640 and 19334 respectively on the docket of that court.

The court, in his charge, withdrew from the jury's consideration the third paragraph of the indictment and submitted the issue of appellant's guilt of the offense charged in the fifth paragraph of the indictment and whether he had been previously convicted of the offenses alleged in paragraphs two and four thereof.

In response to the court's instructions the jury returned into court the following verdict:

"We, the jury, find the defendant guilty of the offense of unlawful possession of marihuana, as alleged in paragraph five of the indictment, and further find that he is the same person who was convicted in Cause No. 45816, as alleged in paragraph two of the indictment, and further find that he is the same person who was convicted in Cause No. 19334 Criminal, as alleged in paragraph four of the indictment."

Upon the jury's verdict, the court entered judgment finding the appellant guilty of the offense charged and that he was the same person convicted in Cause Nos. 45816 and 19334 and fixed his punishment at confinement in the penitentiary for life.

It is apparent that appellant's conviction is under the Uniform Narcotic Drug Act, Art. 725b, Vernon's Ann.P.C., and that by reason of the two prior convictions found by the jury for violation of the narcotic laws his punishment has been fixed by the court and enhanced under the provisions of Art. 63, Vernon's Ann.P.C., which provides: "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

The punishment for violation of the Uniform Narcotic Drug Act, Art. 725b, supra, is found in Sec. 23(1) of the Act which reads, in part, as follows:

"Any person violating any provision of this Act shall, upon conviction be punished by confinement in the State penitentiary for not less than two (2) years nor more than life, and upon the second or any subsequent conviction therefor shall be punished by confinement in the penitentiary for life or for any term of years not less than ten (10) * * *."

In the recent case of Parasco v. State, Tex.Cr.App., 309 S.W.2d 465, 466, this court in construing Sec. 23(1) of the Act pointed out that a subsequent violation of the Act is a different offense from that committed by a first offender and said:

"Being separate offenses with minimum punishment of two years for a first offense and ten years for a second or subsequent violation, the prior conviction is an element of the later offense itself and not an allegation such as would merely enhance the punishment under Arts. 62 and 63, Vernon's Ann.P.C."

Clearly the Uniform Narcotic Drug Act, Art. 725b, supra, is a special statute and therefore controls over Art. 63, supra, which is a general statute. Edwards v. State, Tex.Cr.App., 313 S.W.2d 618.

The prior conviction of appellant in the District Court of Bexar County in Cause No. 45816 for unlawfully possessing marihuana, as found by the jury, was for a violation of the Uniform Narcotic Drug Act. Such conviction was an element of the offense charged against appellant in the instant case and could not be used to enhance the punishment under the provisions of Art. 63, supra. The conviction in Federal Court in Cause No. 19334, was not available to enhance the punishment under Art. 725b, supra, not being a violation of that act.

Appellant's punishment as a second offender of the Uniform Narcotic Drug Act should have been assessed by the jury under the provisions of Sec. 23(1) of the Act, and under the record the court erred in assessing the punishment and giving application to the provisions of Art. 63, supra.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

On State's Motion for Rehearing.

WOODLEY, Judge.

The indictment charged that appellant possessed marihuana on or about September 11, 1957, in Bexar County.

Further allegations were that he had previously been convicted of three felonies less than capital, one being for the unlawful possession of marihuana in Criminal District Court of Bexar County on January 17, 1941.

Another prior conviction was on January 22, 1943, in United States District Court, for acquiring and concealing eight pounds of marihuana.

Another was for receiving and concealing eleven grains of heroin which, to his knowledge, had been imported into the United States contrary to law, also in United States District Court, on August 11, 1953, in Cause No. 19334.

There is no doubt that the State was seeking enhancement of punishment under Art. 63, Vernon's Ann.P.C., which would authorize the fixed punishment of life in the penitentiary.

Our holding is that insofar as the allegation as to the previous conviction on January 17, 1941, for possession of marihuana is concerned, it, together with the allegation that appellant possessed marihuana on or about September 11, 1957, must be construed as alleging a subsequent violation of Art. 725b, Vernon's Ann.P.C., the punishment for which is found in Section 23 of said Article and is confinement in the penitentiary for "life or any term of years not less than ten."

It is evident that in a jury trial the punishment so provided must be fixed by the jury.

If no other prior conviction had been alleged and proved, the conviction would have to be set aside because no punishment was assessed.

The indictment did, however, allege two other convictions for felonies less than capital, one of which was established. Neither of these convictions was for violation of Art. 725b, Vernon's Ann.P.C.

The prior conviction pleaded and proved was a conviction under the Federal Narcotic Laws for unlawfully receiving and concealing eleven grains of heroin which,

to his knowledge, had been imported into the United States contrary to law. This conviction was in the United States District Court.

This Court held in Bowers v. State, 155 Tex.Cr.R. 401, 235 S.W.2d 449, that such a conviction was for a felony less than capital, and was usable to enhance the punishment under Art. 63, Vernon's Ann.P.C. In that case the primary offense was burglary and a conviction enhanced by such prior conviction for violating the Federal Narcotics Act and a prior conviction for burglary, with a life term, was affirmed.

The non-capital felony offense of which appellant was convicted in the Federal Court is, we hold, an offense of the same nature as that of possessing a narcotic drug. Art. 62, Vernon's Ann.P.C. provides that the punishment for a subsequent conviction for a felony less than capital of the same nature shall be the maximum provided for the primary offense which, in this case, is life. The punishment, being definitely fixed by law, may be imposed upon the jury's finding that the defendant is guilty and was previously convicted of the offense of the same nature as charged in the indictment.

Whether the indictment be construed as alleging a first violation of Art. 725b Vernon's Ann.P.C. (rejecting the allegation and proof of the prior conviction under that statute) or as alleging a subsequent conviction for violation of Art. 725b Vernon's Ann.P.C., the maximum punishment is life in the penitentiary. Enhanced under Art. 62, Vernon's Ann.P.C. by reason of a prior conviction of a felony of the same nature, the punishment is fixed by law at life.

We desire to make it clear that nothing said in this or our original opinion is to be construed as in conflict with our holding in Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781. There the primary offense was possession of heroin, and the punishment was properly enhanced under Art. 63, Vernon's Ann.P.C. because of two

prior non-capital convictions, one for burglary and the other for robbery.

To recapitulate: (1) In a prosecution for violation of the Uniform Narcotic Drug Act, Art. 725b Vernon's Ann.P.C., a prior conviction for violation of such act is not available to enhance the punishment under Art. 62 or 63, Vernon's Ann.P.C., but will be construed as an allegation which with the presently charged violation makes applicable the punishment for a second or subsequent conviction provided in Section 23 of said Article 725b Vernon's Ann.P.C.

(2) The punishment for violation of the Uniform Narcotic Act as a first or a second offender may properly be enhanced under Art. 63, Vernon's Ann.P.C. upon allegation and proof of two or more prior convictions for other felonies less than capital, and may be enhanced under Art. 62, Vernon's Ann.P.C. upon pleading and proof of a prior conviction for an offense of the same nature.

(3) The life sentence imposed upon appellant was authorized by the indictment, the charge and the verdict of the jury under the provisions of Art. 62, Vernon's Ann.P.C.

Police officers with felony warrant for the arrest of one Celia Gaitan went to the house where, according to their information, she was living with appellant as his wife, and found Celia asleep in bed with appellant.

When aroused, Celia gave the officers permission to search the premises and a quantity of marihuana was found as well as some marihuana cigarette butts.

Appellant's confession was introduced in evidence without objection, in which he said that the marihuana belonged to him and that he used it to help relieve a severe case of asthma.

Certified copies of the judgment and sentence in Cause 45816 in Criminal District Court wherein Gregorio Granado was on

January 17, 1941, convicted on a plea of guilty to possessing marihuana and sentenced to serve two years in the penitentiary were offered in evidence, together with photographs and fingerprints from the records of the Texas Department of Corrections; also certified copies of records of the United States District Court for the Western Division of Texas, including conviction upon a plea of guilty in Cause No. 19334 on August 11, 1953, for knowingly and fraudulently receiving and concealing eleven grains of heroin which to his knowledge had been imported into the United States contrary to law, and fingerprints and photograph from the records of the United States Penitentiary at Leavenworth, Kansas.

Fingerprint Expert Davenport testified that the prints from the records offered and those taken of appellant were of the same person.

The evidence is sufficient to sustain the conviction, and no reversible error appearing, the State's motion for rehearing is granted; the order of reversal is set aside and the judgment is affirmed.

On Motion for Rehearing.

MORRISON, Presiding Judge.

 It has now been called to our attention that the indictment before us fails to allege that the offense set forth in paragraph 4 was a like offense or one of the same nature as the primary offense charged. This Court has repeatedly held that such is an essential allegation in order to sustain a conviction under Article 62, Vernon's Ann.P.C. The omitted allegation is one of substance, and its omission is fatal. See Lewis v. State, Tex.Cr.App., 217 S.W.2d 411; Gallagher v. State, 142 Tex. Cr.R. 133, 151 S.W.2d 819; Waltrip v. State, 134 Tex.Cr.R. 202, 114 S.W.2d 555; Belton v. State, 130 Tex.Cr.R. 7, 91 S.W.2d 728; Arnold v. State, 127 Tex.Cr.R. 89, 74 S.W.2d 997; Neece v. State, 62 Tex.Cr.R. 378, 137 S.W. 919; and Kinney v. State,

Tex.Cr.App., 79 S.W. 572. See also Willson's Criminal Forms, 6th Ed., § 2331, p. 480, and 12 Tex.Jur., § 405, p. 797; and Branch's Ann.P.C., 2nd Ed., Vol.1, § 697, p. 679. Accordingly, the judgment of conviction cannot be sustained under Article 62, supra.

I regret that the rule set forth above was not called to the writer's attention when he wrote on rehearing in Richardson v. State, 159 Tex.Cr.R. 89, 261 S.W.2d 585. I have concluded that we were in error in our original opinion in such case insofar as we failed to give application to such rule, and the Richardson case is expressly overruled insofar as it is in conflict with this conclusion.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

On Appellant's Motion for Rehearing.

DAVIDSON, Judge (concurring).

 I concur in the opinion of Presiding Judge MORRISON in holding that in order to enhance punishment under Art. 62, Vernon's Ann.P.C., an indictment must allege that the prior conviction was for the same offense or an offense of like character, as required by that article.

I do not agree, however, that had the instant indictment contained that allegation—that is, that the prior offense was an offense of like character to that of the primary offense charged—it would have been sufficient to enhance punishment under Art. 62, Vernon's Ann.P.C., because the primary offense charged therein was not and could not be, under the law, an offense of like character as required to invoke the provisions of Art. 62, Vernon's Ann.P.C.

The question here presented reduces itself to the legal proposition as to whether the unlawful "receiving and concealing a narcotic drug, to-wit, eleven grains of Heroin" which, to the knowledge of the ac-

cused, "had been imported into the United States contrary to law," as denounced and made a violation of the laws of the United States by Title 21, § 174, U.S.C.A., as it existed on August 11, 1953, was—as alleged in the indictment for enhancement under Art. 62, Vernon's Ann.P.C.—"the same offense, or one of the same nature" as the unlawful possession of a narcotic drug, to-wit, marihuana, made unlawful by Sec. 2 and sub-sections 13 and 14 of Sec. 1 of Art. 725b, Vernon's Ann.P.C.

The punishment for a violation of the federal statute is by fine and imprisonment in the federal penitentiary, while the punishment for a violation of the statute of this state is by term in the state penitentiary.

The two offenses are therefore felonies within their respective jurisdictions. To that extent the two offenses are similar, but they are similar only to that extent. They are entirely dissimilar and different in all other essentials.

For instance, the receiving and concealing of heroin with knowledge of its having been unlawfully imported into the United States is the essence of the federal offense. To constitute a violation of that law three things must be shown: (1) The heroin must have been imported contrary to law, and (2) the accused must have received and concealed it after it had been so unlawfully imported, (3) with knowledge that the heroin had been unlawfully imported.

The mere *possession* of *heroin is not* made *unlawful* by the *federal statute*. The offense created thereby is *regulatory*, only.

On the other hand, under the Texas statute mere possession of heroin is unlawful.

The federal statute (Sec. 174, supra) having to do with importation and exportation is a part of Chap. 6 of Title 21, U.S.C.A., and is primarily concerned with the question of importation of narcotic drugs and provides a procedure whereby narcotic drugs might be lawfully imported into the United States.

The offense thereby created by Sec. 174 consists of the violation of a regulatory statute—that is, the regulations prescribed for the unlawful importation of narcotics. The offense there created, then, is the violation of a federal regulation and is not a prohibitory measure. Congress has not made unlawful the mere possession of a narcotic, as has the legislature of this state.

So we have a regulatory statute on the one hand and a prohibitory statute on the other. Therefore they do not and can not denounce the same offense or offenses of like character. This court has so held. Andrews v. State, 154 Tex.Cr.R. 392, 228 S.W.2d 173; Graham v. State, 159 Tex. Cr.R. 52, 260 S.W.2d 887; Fullylove v. State, 159 Tex.Cr.R. 120, 261 S.W.2d 711.

The difference in the two statutes—that is, the federal and the Texas statute—does not stop with the distinction above pointed out. The Texas statute declares marihuana to be a narcotic drug, as heretofore pointed out. Such is not true of the federal statute. Under the federal statute marihuana is not a narcotic drug.

Sec. 171, of Chap. 6 of Title 21, of which Sec. 174 is a part, sends us to Title 26 U.S.C.A., for a definition of the term "Narcotic Drugs," as used in said Chap. 6. Referring thereto it is found that "narcotic drugs" are defined by Sec. 4731 of Title 26 of the Internal Revenue Code as follows:

"(a) Narcotic drugs.

"The words 'narcotic drugs' as used in this part shall mean any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

"(1) Opium, isonipecaine, coca leaves, and opiate;

"(2) Any compound, manufacture, salt, derivative, or preparation of opium, isonipecaine, coca leaves, or opiate;

"(3) Any substance (and any compound, manufacture, salt, derivative, or preparation thereof) which is chemically identical with any of the substances referred to in clauses (1) and (2)."

Nowhere in that definition is found any mention of or reference to marihuana or to the term "Cannabis," of which the Texas statute says marihuana is a variety.

In order that there might be no misunderstanding about whether marihuana is a narcotic drug under the federal statute, reference is here made to the definition of marihuana as given in Sec. 4761 of Title 26, as follows:

"(2) Marihuana

"The term 'marihuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."

The similarity in that definition of marihuana and the one found in the Texas statute is apparent.

Certainly it can not be maintained that under the federal statute marihuana is a narcotic drug.

The federal statute which makes unlawful the receiving and concealing of a narcotic drug knowing it to have been unlawfully imported is not and can not be an offense of like character to that which makes unlawful the possession of marihuana, which the federal statute says is not a narcotic drug.

There remains a further difference, which appears to definitely settle the matter:

Sec. 176a of Title 21, U.S.C.A., creates the same offense touching the importation, receipt, and concealment of marihuana as does Sec. 174 touching that of narcotics.

For a definition of the term "marihuana" reference is made to Sec. 4761 of the Internal Revenue Code as above set out.

So then, any prosecution under the federal statute relative to the importation, receipt, and concealment of marihuana is governed and controlled by Sec. 176a of Title 21.

A conviction for the unlawful importation of heroin could not be conducted under that statute.

If the distinction between regulatory and prohibitory statutes be unavailing, the fact remains that both statutes, federal and state, deal specially with marihuana. If the offenses there created be the same or of like character, convictions must be had under those statutes.

To enhance the punishment under Art. 62, Vernon's Ann.P.C., of this state by reason of a prior felony conviction touching marihuana, that federal conviction must have been obtained under Sec. 176a, Title 21, which is a special federal statute covering marihuana. Under no circumstances or conditions could a conviction under Sec. 174 of Title 6 relating to marihuana be utilized for that purpose.

The count in the indictment alleging appellant's prior conviction for the unlawful importation of heroin did not allege a conviction for the same offense or for an offense of like character to that of mere possession of marihuana.

On Appellant's Motion for Rehearing.

WOODLEY, Judge (dissenting).

The form of the indictment rather than its contents is the basis for the granting of appellant's motion for rehearing.

The point upon which the reversal is predicated was squarely before this Court in Richardson v. State, 159 Tex.Cr.R. 89, 261 S.W.2d 585, and was decided contrary to appellant's contention herein.

The majority find it necessary to overrule that unanimous decision.

It is settled law that whether one offense is of "like character" or "of the same nature" as another is a question of law for the court, and not a fact question to be passed upon by the jury. Harbert v. State, 136 Tex.Cr.R. 301, 124 S.W.2d 1005.

If the prior conviction described in the indictment was not for an offense of the same nature as that term is used in Art. 62, Vernon's Ann.P.C., an allegation in the indictment and a finding by the jury would not make it so, and a conviction with punishment enhanced by Art. 62, Vernon's Ann. P.C. would not be permitted to stand. Washington v. State, Tex.Cr.App., 319 S.W.2d 106.

I assert that, though there be language in the opinions so indicating, none of the cases cited support the majority holding, and none are contrary to the unanimous opinion of this Court in Richardson v. State, 159 Tex.Cr.R. 89, 261 S.W.2d 585.

The Richardson case quoted with approval from the opinion in Walker v. State, 138 Tex.Cr.R. 230, 135 S.W.2d 498, 499, and reaffirmed the rule: "The time of the conviction, *the name of the charge so as to show the nature of the offense,* the court in which he was tried, and *not the conclusion of the pleader that it was an offense of like nature,* must be found in the indictment or the complaint and information." [159 Tex.Cr.R. 89, 261 S.W.2d 587.]

I regret to see the Court depart from these holdings and announce in effect that it

is and has been the law in this State that an indictment alleging theft of a horse and alleging a prior conviction for theft of a horse, in the manner stated in the above quotation, will not sustain an enhanced punishment under Art. 62, Vernon's Ann.P.C. unless the indictment further alleges the self-evident legal conclusion that theft of a horse is a like offense or an offense of the same nature as theft of a horse.

I respectfully dissent.